[No. 27393. Department Two. February 2, 1939.]

CORA A. MILLER, *Respondent*, v. ROSS E. MILLER, *Appellant.*[1]

*P. C. Kibbe,* for appellant.

*James A. Stinson,* for respondent.

[1]Reported in 86 P. (2d) 758.

GERAGHTY, J.—The parties to this action were married in the year 1910. They were divorced by the superior court of Lewis county in 1936, in an action instituted by the appellant, and in which the respondent did not appear.

In his complaint in that action, the appellant alleged that there was no issue of the marriage, and that the community property consisted of two houses and lots and a printing office. While the case was pending, the parties entered into a written agreement settling, as between themselves, their property interests. The court's findings referred to this agreement, and found that "there is no community property subject to disposition in this case."

At the time, the respondent was carrying a deferred annuity policy written in 1930 by the Massachusetts Mutual Life Insurance Company. Under the terms of the policy, she was to receive, for life, a monthly annuity of thirty dollars after she had reached the age of sixty years; the annual premium was approximately three hundred dollars. The policy provided, in case of her death before its maturity, for payment of its commuted value to her executors or administrators unless otherwise provided. In her written application for the policy, she designated her husband, the appellant, as beneficiary in the event of her death. At the time of the divorce, she procured an endorsement upon the policy by the insurer naming her sister as beneficiary.

In 1938, the appellant, through his attorney, notified the Massachusetts Mutual Life Insurance Company that the respondent's deferred annuity policy was, before the divorce, the community property of herself and the appellant; that, not having been disposed of by the interlocutory order, it remained thereafter the joint

property of the parties; and that the appellant desired a segregation of the interests of himself and his former wife.

On being informed of the appellant's claim upon the policy, the respondent instituted the present action to obtain a judgment of the superior court adjudging the policy to be her separate property and enjoining the appellant from asserting any claim or right to it. The insurer is named as a party to the action, although the record before us does not disclose any appearance by it. After trial to the court, sitting without a jury, a judgment was entered in favor of the respondent, as prayed for, and this appeal follows.

The principal error assigned by the appellant is the court's determination that the annuity policy was the separate property of the respondent. The policy was not referred to in the written property settlement made by the parties prior to the entry of the interlocutory order, nor was it mentioned in the findings or decree. As we have seen, the court did find specifically that there was no community property to be disposed of. As the respondent did not appear in the action, it is to be presumed that this finding reflects the testimony of the appellant himself.

If the policy was not community property, the appellant cannot now be heard to assert any claim to it, because, as was said in *Ambrose v. Moore,* 46 Wash. 463, 90 Pac. 588, 11 L. R. A. (N. S.) 103:

"When a person prosecutes a suit for divorce and fails to bring the property rights of the parties before the court for adjudication, he or she waives any right in or to the property of the other spouse; . . . The power to dispose of the property of the husband and wife is a mere incident of the power to grant the divorce, and ordinarily that power cannot be exercised by another court at another time or in an independent action."

The appellant complains that the trial court, in announcing its decision, used language from which it is to be inferred that the court was attempting to make such disposition of the policy as would have been made in the divorce action had the policy been brought to its attention. While some language was used that might warrant this inference, it is clear that the court was of the opinion that the evidence justified a finding, although no formal findings were made, that the policy was the separate property of the respondent, having been paid for out of her salary as a school teacher, which, by agreement of the parties, was to remain her separate property.

The respondent had been employed as a regular school teacher in the city of Chehalis since 1919. The appellant conducted a printing office in that city. The respondent testified that, prior to 1922, she had deposited her salary, as well as some twenty-one hundred dollars received from an inheritance, in an account subject to check by appellant and herself. This arrangement had not proved satisfactory. In January of that year, having found that her husband had exhausted the account by withdrawals on his individual checks, she insisted on having control of her own earnings, and an agreement was entered into that she would have the separate ownership of her own funds to do with them as she pleased. Thereafter, each of the spouses kept a separate account, the respondent depositing her salary in her own account, subject to withdrawals only by herself. Each of the premiums paid by the respondent upon the annuity policy was withdrawn from this account.

The appellant carried a policy of insurance on his own life. In this policy, written in 1930, the wife is named as beneficiary. No reference to it was made in the divorce proceedings. In answer to the court's in-

quiry why the two policies were left out of the settlement, the respondent testified:

"Your honor, so far as I am concerned they were considered personal. We each had a bank account, that wasn't mentioned either. They were considered as personal at the time of the agreement. Just the things that were salable were considered as community, to my understanding."

Two witnesses called by the respondent testified to conversations with appellant, during the course of which he referred to the fact that his wife had her own separate funds. The appellant, while admitting that the respondent kept and managed her own separate account, denied any agreement as testified to by her.

At the time of the divorce, each of the parties had a separate bank account, and it is significant that no disposition was made of the money in them, nor of the policy of life insurance held by the appellant. While he asserted a claim upon his wife's policy, he did not seem to consider that she had any interest in his own. He testified he had not changed the beneficiary solely through neglect.

Commenting on the evidence, the court expressed itself as being entirely satisfied that the parties were conducting their businesses separately. With this view we agree. That, at the time of the divorce action, the appellant considered the policy the separate property of the wife, is conclusively evidenced by the findings in the divorce action, based upon his own testimony.

The judgment is affirmed.

BLAKE, C. J., BEALS, MILLARD, and SIMPSON, JJ., concur.