[No. 6730.    Decided June 20, 1907.]

DOMONIKI AMBROSE, *Appellant,* v. AUGUSTA AMBROSE MOORE et al., *Respondents.*[1]

CANCELLATION OF INSTRUMENTS—COMPLAINT—SUFFICIENCY. A complaint alleging joint ownership and right of possession to real property, an adverse holding by certain defendants under a deed that is void for want of delivery, a refusal of the co-owner to join in the action, who is accordingly made a defendant, states a cause of action for cancellation of the deed and recovery of the property.

DIVORCE—DISPOSITION OF PROPERTY—COMMUNITY PROPERTY. A decree can make no disposition of the property of the spouses where it is not brought before the court, and failure to do so renders community property the common property of the divorced parties, and waives the right to which the parties might be entitled on considering the merits in the divorce action.

Appeal from a judgment of the superior court for Snohomish county, Black, J., entered December 7, 1906, upon sustaining a demurrer to the complaint, dismissing an action

[1]Reported in 90 Pac. 588.

to decree an interest in real property and for the cancellation
of a deed.  Reversed.

*Hathaway & Alston*, for appellant.
*E. N. Livermore*, for respondents.

RUDKIN, J.—The complaint in this action alleges that the
plaintiff, Domoniki Ambrose, and the defendant Augusta Am-
brose Moore were husband and wife, on and prior to the 15th
day of October, 1904, and were the owners and entitled to the
possession of the premises now in controversy; that on the
above date said defendant induced the plaintiff to execute a
deed of said premises to the defendant Mary Ambrose; that it
was then and there agreed that said deed should not be deliv-
ered to the grantee therein named, but should be placed in
escrow in the possession of one Corwin L. Marsh, with instruc-
tions not to deliver the same to the grantee or to any person
other than the plaintiff herein; that on the 28th day of
March, 1905, the defendant Augusta Ambrose Moore obtained
a decree of divorce from the plaintiff, but the property now
in controversy was not mentioned in the divorce proceedings,
and the plaintiff made no appearance in that action; that on
the 9th day of February, 1905, said Corwin L. Marsh, with-
out the knowledge or consent of the plaintiff and against his
express instructions, delivered said deed to Mary Ambrose, the
grantee therein named, and the same has been filed for record;
that the plaintiff never authorized or consented to the delivery
of said deed, never ratified such delivery and received no con-
sideration therefor; that the plaintiff has demanded a recon-
veyance of the property which demand has been refused; that
the defendant Augusta Ambrose Moore has refused to become
a coplaintiff in the action and is made a party defendant;
that the defendant George Moore is the husband of the defend-
ant Augusta Ambrose Moore, and that the remaining defend-
ants have or claim some interest in the property.  The prayer
of the complaint is that the plaintiff be decreed to be the

owner of an undivided one-half interest in the property; that the deed to the defendant Mary Ambrose be cancelled and held for naught; that the plaintiff be let into possession of the premises, and for such other and further relief as to the court seem just and equitable in the premises.

The defendants demurred to the complaint for the reason that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and the plaintiff refusing to plead further, a judgment of dismissal was entered, from which the present appeal is prosecuted.

The complaint avers ownership in the appellant and the respondent Augusta Ambrose Moore, their right of possession, an adverse holding by the remaining respondents, under a deed which is void for want of delivery, and a refusal of the co-owner to join in the action. Such a complaint clearly states a cause of action, unless the allegation that the appellant and the respondent Augusta Ambrose Moore were divorced, without any adjudication or disposition of their property rights, defeats a recovery.

"In granting a divorce, the court shall also make such disposition of the property of the parties as shall appear just and equitable, having regard to the respective merits of the parties, and to the condition in which they will be left by such divorce, and to the party through whom the property was acquired, and to the burdens imposed upon it for the benefit of the children. . . ." Bal. Code, § 5723 (P. C. § 4637).

But this can only be done where the property is brought before the divorce court by complaint, answer, or cross-complaint. If the property rights of the parties are not thus brought before the court in some appropriate manner, such rights are not, and cannot, be affected by the decree. *Philbrick v. Andrews*, 8 Wash. 7, 35 Pac. 358. Where no disposition of the property rights of the parties is made by the divorce court, the separate property of the husband prior to the divorce becomes his individual property after divorce, the

separate property of the wife becomes her individual property, and from the necessities of the case, their joint or community property must become common property. After the divorce there is no community, and in the nature of things there can be no community property. The divorce does not vest or divest title, the title does not remain in abeyance, and it must vest in the former owners of the property as tenants in common. *Godey v. Godey*, 39 Cal. 157; *Biggi v. Biggi*, 98 Cal. 35, 32 Pac. 803, 35 Am. St. 141. In the latter case the court said:

"The conveyance of the land to the husband and wife made it presumptively community property, and their subsequent divorce without any disposition of that property in the decree left them tenants in common."

So far as the equitable rights of the parties are concerned, it can make no difference whether the property was originally conveyed to the husband, to the wife, or to both husband and wife. The respondents contend, however, that the appellant has only such interest in the property as the divorce court might have awarded to him, considering the merits of the parties, etc. If we were to concede this, perhaps he has still a valid subsisting interest in the property which would entitle him to maintain this action under Bal. Code, § 5500 (P. C. § 1142). But the respondents' contention cannot be upheld. If it were, neither the husband or wife would have any fixed or tangible interest in either separate or community property after a divorce in which property rights were not adjudicated, for all property, whether separate or community, may be disposed of by the divorce court. In our opinion when a person prosecutes a suit for divorce and fails to bring the property rights of the parties before the court for adjudication, he or she waives any right in or to the property of the other spouse; and when a defendant submits to a divorce under like circumstances the same rule will apply. The power to dispose of the property of the husband and wife is a mere incident of the power to grant the divorce, and ordinarily

that power cannot be exercised by another court at another time or in an independent action. Public policy and the policy of the law will be best subserved by confining the inquiry into the merits of the divorced parties to the divorce court. There may be exceptions to this rule, in case of fraud, or where the property is without the jurisdiction of the court, but the general rule is as we have stated, and this case forms no exception to that rule. While the complaint does not allege in direct terms that the property was the community property of the appellant, and the respondent his former wife, all parties assume in their briefs that such was the fact. If so, it follows from what we have said that the complaint shows that the appellant is the owner of an undivided one-half interest in the property, and otherwise states a cause of action. *Mabie v. Whittaker*, 10 Wash. 656, 39 Pac. 172.

The judgment of the court below is therefore reversed, with directions to overrule the demurrer and for further proceedings not inconsistent with this opinion.

HADLEY, C. J., FULLERTON, CROW, DUNBAR, ROOT, and MOUNT, JJ., concur.