[No. 9184.   Department One.   April 13, 1911.]

CARRY WILKINSON, *Appellant*, v. HOWARD WILKINSON, *Respondent*.[1]

DIVORCE—APPEAL—DECISIONS REVIEWABLE—APPEAL FROM PART OF DECREE. A wife to whom property is awarded on a divorce cannot appeal from that part of a decree awarding the divorce, without also appealing from the award of the property to her, in view of Rem. & Bal. Code, § 989, which makes a division of the property ancillary to the power to grant the divorce; since the statute, § 996, only authorizes an appeal from a disposition of the property without appeal from the decree of divorce.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered March 18, 1910, granting to defendant a divorce upon his cross-complaint, after a trial on the merits before the court, in an action for separate maintenance. Dismissed.

*Ellis, Fletcher & Evans*, for appellant.

*Marshall K. Snell* and *Bertha M. Snell*, for respondent.

FULLERTON, J.—On January 20, 1909, the appellant, Carry Wilkinson, brought an action in the superior court of Pierce county against the respondent, Howard Wilkinson, for maintenance, alleging abandonment and failure to support on the part of the respondent, and praying that the respondent be required to pay a fixed sum monthly for her support. The respondent answered, setting forth facts tending to show

[1]Reported in 114 Pac. 915.

inability to pay the sum demanded, and want of necessity therefor on the part of the appellant; and by way of affirmative relief filed a cross-complaint praying for an absolute divorce from the appellant. The cross-complaint was put in issue by an answer, and a trial was had on all of the issues made, resulting in a decree awarding the respondent an absolute divorce as prayed for in the cross-complaint. The decree, also directed the respondent to pay to the appellant the sum of thirty dollars per month for her support, and awarded her, as her own separate property, a life insurance policy on the life of the respondent for the sum of $1,000, then fully paid up. The appellant thereupon gave notice of appeal from the decree as follows:

"You and each of you, will please take notice that the above entitled plaintiff Carry Wilkinson appeals to the supreme court of the state of Washington from the judgment and decree made, rendered and entered in the above entitled cause by the above named court on the 18th day of March, 1910, and to each and every part of said judgment and decree except in so far as said judgment and decree awards to said plaintiff the life insurance policy for one thousand dollars ($1,000) described and mentioned in said decree."

The respondent moves to dismiss the appeal, basing his motion on the ground that an appeal will not lie from that part of a decree in a divorce proceeding granting a divorce, where the decree as a whole not only grants a divorce, but partitions the property of the spouses between themselves.

It has seemed to us that the motion is well taken. The code (Rem. & Bal. Code, § 989) provides that in granting a divorce, the court shall also make such disposition of the property of the parties as shall appear just and equitable, having regard to the respective merits of the parties, and to the condition in which they will be left by such divorce, etc. It is plain that, by this section of the statute, power to partition the property between the parties exists only where the divorce is granted. In other words, the power to partition the property is ancillary to the power to grant the divorce, and can

be exercised only after the principal power is exercised. It is plain, also, that if the appeal is entertained in the present case, it may finally result in a decree partitioning the community property of the parties between them, and denying them a divorce. Whether a court has jurisdiction in a suit between husband and wife to partition between them their community property to be held thereafter as separate property, we need not here determine, but we are clear that it was not the purpose of the statute to permit such a partition in a suit for a divorce where the main purpose of the suit fails.

It is true that in *State ex rel. Holcomb v. Yakey*, 48 Wash. 419, 93 Pac. 928, we held that an appeal would lie from that part of a decree of divorce making a partition of the property, basing it upon the general statute relating to appeals. But while the ground on which the decision was rested may not have been well taken, the decision itself was sound, as the statute relating to the granting of divorces expressly provides for an appeal from that part of a decree of divorce which disposes of the property or awards the children, without appealing from the entire decree. Rem. & Bal. Code, § 996. But this case is the reverse of that. Here the appeal is from that part of the decree granting a divorce, without appealing from the part of the decree which disposes of the property of the parties. This, as we say, the statute does not permit.

The appeal must be dismissed, and it is so ordered.

DUNBAR, C. J., PARKER, MOUNT, and GOSE, JJ., concur.