[No. 11330. Department One. March 26, 1914.]

## CORA MASTERSON, *Respondent*, v. A. OGDEN *et al.*, *Appellants.*[1]

DIVORCE—APPEAL—EFFECT. Under Rem. & Bal. Code, § 996, providing that, on appeals from a judgment in a divorce case, the supreme court shall be possessed of the whole case as fully as the trial court was, and may reverse, modify, or affirm the judgment, an appeal does not vacate the judgment, but merely suspends it.

DIVORCE—DEATH OF PARTY—ABATEMENT AND SURVIVAL OF ACTION. Upon the death of appellant in a divorce case pending appeal, the supreme court cannot review the judgment granting the divorce, since the action proper does not survive; although the action survives as to the amount of the judgment for alimony and as to the rights of third persons in the property.

FRAUDULENT CONVEYANCES—FRAUD OF WIFE PENDING DIVORCE. A wife awarded a judgment for alimony is a creditor, so that a conveyance in fraud of her rights may be set aside as fraudulent and the property subjected to the lien of the judgment for alimony.

SAME—CONVEYANCE IN FRAUD OF WIFE—EVIDENCE—SUFFICIENCY. A finding of a conveyance in fraud of the wife is warranted, where the husband, before suit for divorce, transferred all his property to his sons, in consideration of monthly payments for life support, which were less in amount than the income from the property.

DIVORCE—ALIMONY—ALLOWANCE FROM SEPARATE PROPERTY. Four thousand five hundred dollars may be a reasonable allowance as alimony from separate property of the husband valued at $28,000.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered May 13, 1913, upon findings in favor of the plaintiff, in an action for divorce, tried to the court. Affirmed.

[1]Reported in 139 Pac. 654.

*Willett & Oleson,* for appellants.

*Brady & Rummens* and *Tucker & Hyland,* for respondent.

MAIN, J.—The plaintiff brought this action against James Masterson, her husband, for the purpose of securing a divorce. Howard D. Masterson and Harry C. Masterson, sons of James Masterson, and Hattie Walk, a stepdaughter, were made parties defendant.

The facts as found by the trial court, in so far as they are necessary to an understanding of the questions presented upon this appeal, are, in substance, as follows: On September 14, 1910, the plaintiff and the defendant James Masterson were united in marriage. The plaintiff was then 34 years of age and James Masterson was 77. At the time of the marriage, James Masterson was the owner of real property of the reasonable value of approximately $8,000; and was possessed of about $20,000 worth of personal property. After the marriage, there was no further accumulation of property.

On or about the 19th day of February, 1913, the defendants James Masterson, Harry C. Masterson, and Howard D. Masterson, contemplating an early demise of James Masterson, and in the event of his death that the plaintiff would have an interest by inheritance in his property, and for the purpose of depriving her of her right by inheritance, and to prevent her from securing any part thereof through litigation with him during his lifetime, mutually agreed and concluded among themselves that James Masterson should transfer all real and personal property owned and possessed by him to his sons, Harry C. Masterson and Howard D. Masterson. In consummation of this mutual understanding and agreement, James Masterson did, on this day, by certain assignments and by deeds, grant and convey to his two sons all his real and personal property. At the same time, he executed and caused to be recorded a mortgage in the sum of $3,000, in

favor of his stepdaughter Hattie Walk. This mortgage covered certain of the real property then owned by James Masterson. At the time of making and executing the mortgage, Hattie Walk was in Honolulu, Hawaii, and had no knowledge of the existence thereof until subsequent to the commencement of the present action. There was no valuable consideration for the mortgage.

In consideration of the transfer of the real and personal property, the sons agreed to erect, upon a lot thereafter to be designated by their father, a house which, together with the land upon which the same would be situated, would be of the value of $2,400; and would pay to him, so long as he lived, the sum of $125 per month. The house had not been erected. The income from the personal property, which consisted of notes secured by mortgages, and which were transferred to the sons, was in excess of the sum of $125 per month. At the time, James Masterson owned no property other than the notes and mortgages and the real estate mentioned.

The trial court concluded that the property was transferred to the sons for the purpose of cheating and defrauding the plaintiff, and for the purpose of placing the property of James Masterson beyond her reach. A decree was entered dissolving the bonds of matrimony, and awarding to the plaintiff the sum of $4,500, together with an attorney's fee of $250; and providing that, until such time as these sums should be paid, they should be a lien upon both the real and personal property, superior and prior to any claim of Howard D. Masterson and Harry C. Masterson therein or thereto. The decree also adjudged that the mortgage to Hattie Walk was subsequent and junior to the lien granted by the decree to the plaintiff. This decree was entered on the 13th day of May, 1913.

On the same day, a motion for new trial was duly made and overruled. Thereupon notice of appeal was given. On the 15th day of May, 1913, the appeal was perfected by the filing of a cost bond and giving notice thereof. After the appeal

had been perfected, and on May 24, 1913, James Masterson died. His death being suggested, one A. Ogden, his executor, was substituted as a party to the action.

The executor has interposed a motion to abate and dismiss the action. The respondent construes this as a motion to dismiss the appeal, and as thus construed, urges that the same be granted. The executor, however, takes the position that the granting of the motion would operate as a dismissal of the entire proceeding, both from this and the superior court; his view being that an appeal in a divorce case sets aside the judgment entered by the superior court and the parties thereto remain husband and wife pending the appeal.

The appellants' brief discloses a painstaking investigation into the respective effects of appeals and writs of error at common law. It is unnecessary to follow this discussion, for the reason that appellate procedure in this state is defined by the statutes. Neither does the general statute governing appeals aid in determining the question, for there is a special statute made applicable to appeals in divorce cases. Rem. & Bal. Code, § 996 (P. C. 155 § 23), which governs appeals in divorce cases, provides, among other things, that when an appeal is taken, "the supreme court shall be possessed of the whole case as fully as the superior court was, and may reverse, modify, or affirm said judgment, according to the real merits of the case." The concrete question upon the motion is the construction of this statute.

In *State ex rel. Gibson v. Superior Court*, 69 Wash. 280, 124 Pac. 686, construing the statute, it was held that: "Upon the appeal the supreme court acquires jurisdiction of the whole case and for every purpose." It does not follow from this, however, that the appeal vacates and sets aside the judgment of the superior court. The language of the statute itself does not harmonize with such view; for it is there provided that this court may reverse, modify, or affirm the judgment of the superior court, and not that it may enter a judgment as though it were a court of original jurisdiction. While it

is true that the case is here tried *de novo*, yet it would seem
that the correct construction of the statute is that, pending
the appeal, the judgment is not vacated or set aside, but is
merely suspended. In *Coffman v. Finney*, 65 Ohio St. 61,
61 N. E. 155, 55 L. R. A. 794, speaking upon this question,
the court said:

"And while the trial in the circuit court would be a trial *de
novo* as to the amount of the alimony, yet had the appeal been
dismissed the judgment of the common pleas would have been
left in full force and the lien of the judgment unimpaired.
The effect, therefore, of the appeal was not in any wise to
unsettle the decree of divorce, nor to vacate the judgment for
alimony, but simply to suspend it."

If we held that the appeal would vacate the judgment, and
that the marriage status continued pending the appeal,
anomalous and intolerable results would follow. By Rem. &
Bal. Code, § 991 (P. C. 155 § 27), it is made unlawful for
any divorced person to intermarry with any third person
within six months from the date of the entry of the judgment
or decree granting the divorce. Construing this statute, it
has been held that, where a divorced person goes to a foreign
jurisdiction and establishes a domicile, and again marries
within the six months period, the marriage is a valid one.
*State v. Fenn*, 47 Wash. 561, 92 Pac. 417, 17 L. R. A. (N.
S.) 800; *Pierce v. Pierce*, 58 Wash. 622, 109 Pac. 45. It
does not appear that, in either of those cases, there had been
an appeal in the divorce case prior to the contracting of the
second marriage. If a marriage in a foreign jurisdiction is
valid, as held in those cases—and they must now be accepted
as the law—and the appellants' contention that, in case of an
appeal, the marriage status of the parties to the divorce ac-
tion continues, it is easy to see that the result could be that
one person might at the same time be legally married to two
individuals. For if the domicile were established in a foreign
jurisdiction and the second marriage occurred prior to the
taking of the appeal by the opposite party, this marriage,

under the decisions cited, would be valid. If subsequent to this and within the time allowed by statute, an appeal were prosecuted by the adverse party to the divorce action, and the appellants' position here is accepted, that the marriage relation or status would continue after the notice of appeal had been given, and that the judgment would be vacated and set aside, then it must follow that the party to the divorce action having married in the foreign jurisdiction, if she were the woman, would be at the same time the legal wife of two husbands. It is unnecessary to pursue this discussion further. The stating of the proposition seems to be a sufficient answer thereto.

It follows that, in granting the motion to abate or dismiss, the order of this court would only operate to terminate the suspension of the judgment of the superior court, and leave the judgment itself in full force and effect. The motion as construed by the executor cannot be granted. Neither should the motion as construed by the respondent be granted.

That the action for divorce proper does not survive the death of one of the spouses is plain. Whether the evidence was sufficient to justify the trial court in granting the divorce is a question which cannot now be inquired into. It is conceded by the respondent that the action survives as to the amount of the judgment, and as to the rights of third persons.

Upon the merits, the only questions to be determined are, first, whether the trial court erred in subjecting the property transferred and conveyed by James Masterson to his sons and stepdaughter to the lien of the judgment awarded to the respondent, and second, the amount of the judgment.

I. It is argued that the court erred in subjecting the property involved to the lien of the judgment for alimony. This contention cannot be sustained. The law appears to be that a wife who secures a judgment for alimony in a suit against her husband for a divorce is a creditor, and a conveyance made in fraud of her rights as such may be set aside

or the property subjected to the lien of the judgment, provided that the rights of purchasers without notice and for a valuable consideration have not intervened. *Prouty v. Prouty*, 4 Wash. 174, 29 Pac. 1049; *Gregory v. Filbeck*, 12 Colo. 379, 21 Pac. 489; *Livermore v. Boutelle*, 11 Gray 217, 71 Am. Dec. 708; *Allen v. Allen*, 100 Mass. 373; *Barber v. Barber*, 62 U. S. 582; *Chase v. Chase*, 105 Mass. 385.

In the case last cited, speaking of the husband's contention that the wife was not a creditor, it was said:

"He contends that the demandant was not a creditor, and her husband not a debtor, within the meaning of the statutes against fraudulent conveyances. The same question was raised in *Livermore v. Boutelle*, 11 Gray 217, and the court held that a wife who, after a divorce *a vinculo*, recovered a judgment for alimony, was a creditor within the protection of the St. of 13 Eliz. *c.* 5, and could impeach a conveyance made by her husband to delay and defraud her. The principle is the same in the case of a divorce *a mensa et thoro*. The judgment for alimony in either case creates a debt of record in favor of the wife."

The conveyance to the sons, with an agreement on their part to pay to their father the sum of $125 per month for his maintenance and support during his lifetime, was fraudulent and void as to the respondent as a creditor. *Fahey v. Fahey*, 43 Colo. 354, 96 Pac. 251, 127 Am. St. 118, 18 L. R. A. (N. S.) 1147; *Morrison v. Morrison*, 49 N. H. 69. In the case last cited it is said:

"The evidence, we think, very clearly shows that the property conveyed to the son was worth more than the father's debt to the son and daughter by a substantial amount. And the provision for the father's support and that of his wife during life, indicates that the parties supposed it to be worth more. The conveyance then must be regarded as with a trust to the grantor, to secure his maintenance; and that being a substantial part of the consideration, it must be regarded as fraudulent and void as against creditors."

II. On the question of the amount of the judgment, we think the trial court did not abuse its discretion. While

the property was the separate property of the husband, it nevertheless follows that the wife has the right to a reasonable allowance therefrom as alimony. Viewing all the facts and circumstances of the case, it does not appear that $4,500 was an unreasonable amount to allow the wife.

The judgment will be affirmed.

CROW, C. J., ELLIS, CHADWICK, and GOSE, JJ., concur.