[No. 27454. Department One. August 30, 1939.]

EDITH ELIZABETH McPHERSON, *Respondent,* v.
JAMES FRANKLIN McPHERSON,
*Appellant.*[1]

'Reported in 93 P. (2d) 428.

*Burton J. Onstine* and *Carl L. Shuff,* for appellant.
*Geo. W. Young,* for respondent.

JEFFERS, J.—The plaintiff in this action, Edith Elizabeth McPherson, instituted a suit for divorce against the defendant, James Franklin McPherson, on the ground of nonsupport. Defendant filed an answer and cross-complaint, wherein he asked that plaintiff's complaint be dismissed and that he be granted a decree of divorce. Plaintiff replied to the affirmative matter set up in the cross-complaint of defendant, and thereafter the matter came on for trial before the court on the issues raised by the pleadings. On July 14, 1938, the trial court entered an interlocutory decree in favor of plaintiff and therein settled the property rights of the parties, awarded the custody of the minor daughter to plaintiff, and denied defendant's prayer for divorce. Motion for new trial was made by defendant and denied on September 15, 1938. Defendant appealed from the interlocutory order entered July 14, 1938.

We are met, at the threshold of our consideration of this case, by a motion of Seattle First National Bank, operating through its Spokane & Eastern branch, for an order substituting and admitting it as a party respondent in the case, in the place of Edith Elizabeth McPherson, now deceased. The affidavit supporting this motion shows that respondent, Edith Elizabeth McPherson, died testate in Spokane, on May 15, 1939; that the last will and testament of deceased, which nominated Seattle First National Bank, Spokane & Eastern branch, as executor thereof, was duly proved and admitted to probate in Spokane county, and that the bank above named was regularly appointed as executor of the estate of the deceased, May 22, 1939; that the executor has qualified and is now acting in such capacity.

Appellant, James Franklin McPherson, has also appeared herein, and by motion asks that this action be abated and dismissed in this court and the lower court, for the reason that, respondent having died on May 15, 1939, and this being a divorce action, the action has abated and the interlocutory decree, in its entirety, became a nullity upon the death of respondent. Appellant also objects to any substitution of the executor of respondent, except for the sole and only purpose of determining and passing upon his motion to abate and dismiss this action.

The question to be determined is: Does an interlocutory order of divorce, which makes an award of property, fail, abate, and become a nullity for all purposes upon the death of a party respondent, occurring subsequent to its entry and prior to the entry of a final decree, and while an appeal from such interlocutory decree is pending in this court?

The executor contends that, as between the parties, the interlocutory decree is final and conclusive, subject to appellant's right to have reviewed the fairness of the division of the property and those matters pertaining thereto. The executor admits that the question of whether or not there were grounds for divorce cannot now be examined into by this court, as that issue falls from the appeal by reason of the death of respondent, but contends that the action, in so far as it affects the property rights of the parties, did not abate upon the death of respondent.

For brevity's sake, we will hereinafter refer to the executor of respondent's estate as respondent.

In connection with and supporting the motion are copies of certain public records which, in our opinion, establish the death of respondent, and we are therefore of the opinion this fact is properly before us for our consideration.

We are unable to agree with respondent's contentions. In support of its contentions, respondent cites Rem. Rev. Stat. (Sup.), § 988 [P. C. § 7507], and Rem. Rev. Stat., § 996 [P. C. § 7512]. Section 988, *supra,* as amended by Laws of 1933, p. 432, § 1, after some general provisions relative to the interlocutory decree, provides:

" . . . such order, however, as to the custody, management and division of property shall be final and conclusive upon the parties subject only to the right of appeal; but in no case shall such interlocutory order be considered or construed to have the effect of dissolving the marriage of the parties to the action, or of granting a divorce, until final judgment is entered: . . ."

Section 996, *supra,* provides:

"In all instances where the superior court shall grant a divorce, it shall be for cause distinctly stated in the complaint, and proved, and found by the court, and the court shall state the facts found upon which the decree is rendered; and when either party shall signify a desire to appeal from any of the orders of the court, in the disposition of the property or of the children, the court shall certify the evidence adduced on the trial, and the supreme court shall be possessed of the whole case as fully as the superior court was, and may reverse, modify, or affirm said judgment, according to the real merits of the case."

It is the general rule, concurred in by respondent, that an action for divorce proper, being purely a personal action based upon the personal relationship and status of marriage, terminates with the death of either spouse, not only because of its personal character, but because the marriage is *ipso facto* dissolved by death. But, contends respondent, where, as in the instant case, the interlocutory decree settled the property rights of the parties, the action does not abate in so far as the property rights are concerned, but such decree may be

reviewed by this court, to the extent that it involves such rights.

There is much authority from other jurisdictions to sustain this contention of respondent, but we are of the opinion that, under our decisions, the interlocutory decree, in its entirety, abates and becomes a nullity upon the death of one of the parties, whether before or after the interlocutory decree is entered. We stated in *Dwyer v. Nolan,* 40 Wash. 459, 82 Pac. 746, 111 Am. St. 919, 1 L. R. A. (N. S.) 551:

"It will not be gainsaid that an action for divorce is a purely personal action. Nothing is sought to be affected but the marital status of the husband and wife. *The distribution of property in such an action is incidental, and it is clearly incontestable that, upon the death of either party, whether before or after the decree, the subject of the controversy is eliminated.* If the death of the plaintiff in this case had occurred before judgment, it will not be urged that there could have been a substitution of his executors to represent him in the prosecution of the case. Such a proposition, for manifest reasons, would not be entertained by a court for a moment. What additional authority or power did they have to represent him in the same case when he died after judgment? Manifestly none. They cannot stipulate with reference to the decree. They cannot consent to setting aside the judgment. There is no conceivable particular in which they represent the deceased or the heirs with reference to the subject-matter of the action, in the slightest degree. The very nature of the action renders this impossible." (Italics ours.)

See, also, *Ambrose v. Moore,* 46 Wash. 463, 90 Pac. 588, 11 L. R. A. (N. S.) 103.

In *Wilkinson v. Wilkinson,* 63 Wash. 126, 114 Pac. 915, the defendant was awarded a decree of divorce and directed to make certain payments to the plaintiff, and the decree also awarded plaintiff certain property as her separate property. Plaintiff appealed from the

decree, except as to the part awarding her a life insurance policy. Defendant moved to dismiss the appeal, on the ground that an appeal would not lie from that part of a decree in a divorce proceeding granting a divorce, where the decree as a whole not only granted a divorce, but partitioned the property of the spouses. After referring to Rem. & Bal. Code, § 989, the court stated:

"It is plain that, by this section of the statute, power to partition the property between the parties exists only where the divorce is granted. In other words, the power to partition the property is ancillary to the power to grant the divorce, and can be exercised only after the principal power is exercised. It is plain, also, that if the appeal is entertained in the present case, it may finally result in a decree partitioning the community property of the parties between them, and denying them a divorce. Whether a court has jurisdiction in a suit between husband and wife to partition between them their community property to be held thereafter as separate property, we need not here determine, *but we are clear that it was not the purpose of the statute to permit such a partition in a suit for a divorce where the main purpose of the suit fails.*" (Italics ours.)

We cite this case only for the purpose of showing that this court has long recognized the rule that, where the main purpose of a divorce action fails, any property settlement made therein, being only ancillary to and dependent upon the main purpose, also fails.

*In re Martin's Estate,* 127 Wash. 44, 219 Pac. 838, the trial court, basing its conclusions upon Rem. Comp. Stat., § 988, and upon the interlocutory decree of divorce rendered in favor of Dr. Martin, held that, while the interlocutory decree was not final as a decree of divorce, it was so as a disposition of the property rights of the parties. Rem. Rev. Stat., § 988, in so far as it provided for the finality of the decree, as to the

management, custody and disposal of the property, was the same as Rem. Rev. Stat. (Sup.), § 988. In the cited case, the court stated:

"But notwithstanding the support which the wording of this section of the statute seems to lend to the court's conclusion, we can not think the conclusion voices the legislative intent. *It is our opinion that the entire order is interlocutory;* that, if the interlocutory decree is subsequently made final, all of its provisions then become so; but if, by mutual agreement of the parties to the proceeding, *by the death of one of the parties,* or for any other cause, the divorce is not made final, *the interlocutory decree in its entirety becomes a nullity.* It is the general rule, and this court has held [see *Ambrose v. Moore,* 46 Wash. 463, 90 Pac. 588, 11 L. R. A. (N. S.) 103], construing our prior statute which did not provide for an interlocutory decree, that the power to dispose of the property of the husband and wife in a divorce proceeding was a mere incident of the power to grant a divorce, and we think the same rule prevails under the present statute. Being an incident, there can be no disposition of the property of married persons in a divorce action unless the action reaches the stage of an absolute decree." (Italics ours.)

It is apparent in the instant case that the action can never reach the stage of an absolute decree.

In addition to the statutes hereinbefore mentioned, respondent very largely relies upon the case of *Masterson v. Ogden,* 78 Wash. 644, 139 Pac. 654, Ann. Cas. 1914D, 885. In the cited case, an action for divorce was brought by plaintiff, Cora Masterson, against her husband, James Masterson. Mr. Masterson was much older than his wife at the time of their marriage, and had accumulated considerable property. Some time after the marriage, the sons of Masterson by a former marriage induced their father to deed his property to them, upon the promise made by the boys that they

would make certain provisions relative to his care. Cora Masterson made parties to the divorce proceedings the two sons of her husband, and also a stepdaughter, to whom a mortgage had been given by defendant. An interlocutory decree of divorce was thereafter entered, in which the court held that the property was transferred by James Masterson to his sons for the purpose of cheating and defrauding the plaintiff, and certain awards were made to plaintiff and made a lien on the real property conveyed to the sons. An appeal from the decree was taken and perfected, and thereafter James Masterson died. The executor of the deceased appeared and interposed a motion to abate and dismiss the action. This court considered the matter, for the purpose, as we read the case, of determining the rights of the third parties. We do not think the cited case is controlling here.

It appearing from the record herein that respondent, Edith Elizabeth McPherson, has died since the entry of the interlocutory decree, and prior to the entry of the final decree, we are of the opinion that the subject matter of the controversy abated, and that the interlocutory decree in its entirety automatically became a nullity, as of the date of respondent's death. We think it needless to further argue the matter as to the finality of the interlocutory decree, in so far as it affected a division of the property, in view of what was said *In re Martin's Estate, supra.* We do not believe § 996, *supra,* was intended to, or that it does, empower this court to reverse, modify, or affirm an interlocutory decree of divorce, after the death of one of the parties to such decree, except where the rights of third parties were involved in the decree itself, and then only for the purpose of adjudicating the rights of such third persons.

Being, then, of the opinion that this action has abated, and that the interlocutory decree in its entirety became

a nullity, as of the date of respondent's death, there is, in our opinion, nothing before us to consider, except a proper disposal of this appeal, and for this purpose only, we have admitted a substitution of the executor of respondent's estate for respondent.

The motion of appellant to dismiss the appeal will be granted, for the reasons herein assigned. We think, in view of the situation presented, each party should pay his own costs herein, both on the appeal proper and in connection with the motions herein presented.

STEINERT, MAIN, and ROBINSON, JJ., concur.

BLAKE, C. J. (dissenting)—The statute, Rem. Rev. Stat. (Sup.), § 988 [P. C. § 7507] (Laws of 1933, p. 432, § 1), makes the interlocutory order "final and conclusive upon the parties" in so far as it affects "the custody, management and division of property." An interlocutory order is, in this respect, a final decree and was so held to be in *Masterson v. Ogden,* 78 Wash. 644, 139 Pac. 654, Ann. Cas. 1914D, 885.

I dissent.