[No. 27818. Department Two. December 11, 1939.]

THE STATE OF WASHINGTON, on the Relation of Anton Atkins, as Administrator, Plaintiff, v. THE SUPERIOR COURT FOR KING COUNTY, Robert M. Jones, Judge, Respondent.[1]

[1]Reported in 97 P. (2d) 139.

*P. O. D. Vedova,* for relator.

*Shorett, Shorett & Taylor,* for respondent.

*Chas. E. Allen,* for intervener.

BEALS, J.—For some time prior to 1932, Joe and Anna Gerts were husband and wife. May 17, 1932, Mr. and Mrs. Gerts made an agreement for the division of their community property. September 1, 1933, in the superior court for King county, Anna Gerts sued Joe Gerts for divorce, setting forth in her complaint the agreement above referred to concerning the property of the parties, and asking that the property settlement made by the parties be confirmed. Mr. Gerts answered the complaint and filed a cross-complaint, praying that a divorce be granted to him, alleging that Mrs. Gerts had obtained the property settlement by fraud, and praying that the property settlement be set aside, and that he have general relief in the premises.

The case came on regularly for trial during the month of April, 1934, the court deciding the issues in favor of the plaintiff and signing findings of fact and conclusions of law in her favor. The court signed an interlocutory order granting plaintiff a divorce, approving the property settlement, and awarding plaintiff her costs. The defendant made a motion for new trial, which was denied July 13, 1934. He thereupon served and filed a notice of appeal to this court from the interlocutory order, but later abandoned the appeal, failing to file any cost bond.

November 9, 1935, Mrs. Gerts executed a will, naming John Urkanas as executor thereof. July 11, 1938, Mrs. Gerts executed another will, in which no executor was named. No final decree of divorce was ever entered, and October 16, 1938, Anna Gerts died. The next day, on petition of John Urkanas, Mrs. Gerts' will, dated November 9, 1935, was admitted to probate.

Shortly thereafter, Mrs. Gerts' will, bearing date July 11, 1938, was, by the superior court, held to be Mrs. Gerts' last will and testament, and Anton Atkins was appointed administrator of the estate with the will annexed.

September 26, 1939, Joe Gerts filed in the divorce action a motion for an order allowing him to continue the case on his cross-complaint as against Mrs. Gerts' personal representative. Mr. Atkins, as administrator of the estate of Anna Gerts, appeared in the divorce case in opposition to this motion; and after argument on the motion, the court advised counsel of its intention to grant the motion and allow Mr. Gerts to continue the action on his cross-complaint against the Anna Gerts estate.

October 10, 1939, Anton Atkins, as administrator of the estate of Anna Gerts, deceased, applied to this court for a writ prohibiting the superior court from proceeding further in the divorce case, and particularly from allowing Joe Gerts to prosecute his cross-complaint against the administrator of the estate of Anna Gerts, deceased.

John Urkanas, claiming to be interested in the proceeding, asked this court for leave to intervene by filing a brief in support of Mr. Atkins' application for a writ of prohibition, and, leave having been granted, filed herein his briefs and, through his counsel, participated in the argument. In response to the order to show cause issued on Mr. Atkins' application for a writ of prohibition, the respondent judge of the superior court appeared herein by counsel and filed briefs in opposition to those filed by relator and John Urkanas.

Respondent challenges relator's right to the writ of prohibition, contending, first, that the writ should not issue because the record does not show that the trial court is proceeding without or in excess of its juris-

diction; and second, that it does not appear that relator has not an adequate remedy by appeal.

We shall first discuss the situation as presented by the arguments on the merits. It is our understanding that the facts, as above stated, are admitted by all parties to be true. Relator contends that, upon the death of Anna Gerts, the divorce action abated, and that no further proceedings may be taken therein unless to enter a formal order terminating the action. Counsel for respondent contends that, upon the death of Anna Gerts, the interlocutory order became utterly void; that the divorce action remained pending upon Mr. Gerts' cross-complaint, in which he sought to attack the property settlement; that relator should be substituted for Mrs. Gerts as party plaintiff; and that Mr. Gerts may continue, as against the administrator, the action which he pleaded in his cross-complaint, in so far as he attacked the property settlement and sought to set the same aside upon the ground of fraud in its procurement practiced upon him by Mrs. Gerts.

All parties admit that, because of the death of Anna Gerts, the interlocutory order, in so far as it concerned the divorce between the parties, became utterly void.

Counsel for respondent rely upon the case of *Masterson v. Ogden,* 78 Wash. 644, 139 Pac. 654, Ann. Cas. 1914D, 885, in which it appeared that Cora Masterson sued her husband, James Masterson, for divorce, asking for a share of the defendant's property. Mr. Masterson was much older than his wife and had several children by a prior marriage. The plaintiff alleged that, several years after their marriage, her husband, for the purpose of depriving her of any possible interest in his property, transferred all thereof to two of his sons, they agreeing to pay him a stipulated sum per month during his lifetime. Mrs. Masterson made her stepchildren parties defendant to the action and asked

that the transfer of her husband's property to them be set aside. The trial court entered a decree of divorce, after finding that the property was transferred by Mr. Masterson to his sons for the purpose of defrauding the plaintiff, and awarded a considerable sum of money to plaintiff, making the award a lien upon the property. After denial of a motion for new trial, Mr. Masterson appealed to this court.

After the appeal had been perfected, Mr. Masterson died, and his executor was substituted as a party defendant to the action. The executor moved for an order abating the action; the plaintiff contending that the appeal should be dismissed. The executor contended that, upon Mr. Masterson's death, the entire action abated, and that the appeal had operated to set aside the judgment of divorce entered by the trial court. This court held that, on the appeal, no inquiry could be made as to whether or not the evidence was sufficient to justify the trial court in granting the divorce, and that the decree of divorce must stand. It was conceded by the plaintiff that the action survived as to the amount of the judgment and the rights of third persons, and the court proceeded to decide that question on the merits, affirming the judgment of the trial court. Mr. Masterson's children were parties defendant to the action, and it would seem that the death of their father would not terminate the action as to them, their rights in property conveyed to them by their father being directly involved. The case was governed by the law as it stood prior to the enactment of the statute [Rem. Rev. Stat., § 988] which provides for the entry of an interlocutory order in divorce cases, to be made final after the expiration of six months from its date. Under the old law, the parties were divorced by the decree, subject to appeal; under

the statute now in force, the parties are not divorced until the final decree is entered.

It has long been the law in this state that, in an action for divorce, the court may divide the property of the parties, whether community or separate, and in proper cases award judgment for alimony or support money. The subject matter of such an action, however, remains the marital status of the parties, the settlement of the property rights being merely incidental. *Ambrose v. Moore,* 46 Wash. 463, 90 Pac. 588, 11 L. R. A. (N. S.) 103; *Wilkinson v. Wilkinson,* 63 Wash. 126, 114 Pac. 915.

*In re Martin's Estate,* 127 Wash. 44, 219 Pac. 838, it appeared that Harry and Dora Martin intermarried during the year 1906. In 1920, they separated, dividing their real property by the exchange of deeds, each taking possession of a portion of the personal property, but without any contract covering the same. In 1921, Mr. Martin sued his wife for divorce. Mrs. Martin not appearing in the action, her default was entered, and an interlocutory order entered, granting the plaintiff a divorce and confirming the division of the property. Mr. Martin died after the entry of the interlocutory order, but before the entry of a final decree, leaving a will naming a third party executrix. Upon her application, Mrs. Martin was appointed administratrix of community property owned jointly by herself and her husband. Upon a hearing, the court decided that the property in dispute was the separate estate of the husband and confirmed his executrix in possession thereof. Mrs. Martin, as administratrix of the community estate, appealed. This court, in considering the effect of the interlocutory order, said:

"It is our opinion that the entire order is interlocutory; that, if the interlocutory decree is subsequently made final, all of its provisions then become so; but if,

by mutual agreement of the parties to the proceeding, by the death of one of the parties, or for any other cause, the divorce is not made final, the interlocutory decree in its entirety becomes a nullity. It is the general rule, and this court has held [see *Ambrose v. Moore,* 46 Wash. 463, 90 Pac. 588, 11 L. R. A. (N. S.) 103], construing our prior statute which did not provide for an interlocutory decree, that the power to dispose of the property of the husband and wife in a divorce proceeding was a mere incident of the power to grant a divorce, and we think the same rule prevails under the present statute. Being an incident, there can be no disposition of the property of married persons in a divorce action unless the action reaches the stage of an absolute decree."

In the recent case of *McPherson v. McPherson,* 200 Wash. 365, 93 P. (2d) 428, decided after the trial court heard the argument upon Mr. Gerts' motion in the case at bar, it appeared that the plaintiff, Edith McPherson, sued her husband for divorce, on the ground of non-support. The defendant filed an answer and cross-complaint, praying that a divorce be granted to him. After a trial, the court made findings of fact and conclusions of law in plaintiff's favor and entered an interlocutory order, granting plaintiff a divorce, settling the property rights of the parties, and awarding to the plaintiff the custody of a minor child. Mr. McPherson appealed. While the appeal was pending before this court, Edith McPherson died, and her executor, a trust company, moved that it be substituted as party respondent. Mr. McPherson, as appellant, after alleging the death of the respondent, moved that the action be abated and dismissed, upon the ground that, the action being one for divorce, and the plaintiff having died after the entry of the interlocutory order and pending the appeal, that order, upon Mrs. McPherson's death, became a nullity. As stated in the opinion, the question to be determined was:

"Does an interlocutory order of divorce, which makes an award of property, fail, abate, and become a nullity for all purposes upon the death of a party respondent, occurring subsequent to its entry and prior to the entry of a final decree, and while an appeal from such interlocutory decree is pending in this court?"

The executor contended that, as between the parties, the interlocutory order was final and conclusive, subject to appellant's right to review the fairness of the division of the property of the parties, and that, as to that question, the action did not abate upon Mrs. McPherson's death. In determining the question, we reviewed our previous decisions, quoted extensively from several of them, and distinguished the case of *Masterson v. Ogden, supra,* which the executor relied upon as supporting its contention that the action did not abate.

We held that the action abated upon Mrs. McPherson's death, and that the interlocutory order, in its entirety, became a nullity as of that date; that there was nothing before the court to consider except a proper disposal of the appeal, for which purpose only Mrs. McPherson's executor was substituted for her as party respondent. The appeal was accordingly dismissed.

Counsel for respondent seek to distinguish the *McPherson* case, upon the ground that there the property settlement contained in the interlocutory order was merely incident to the action for divorce, while in the present case, prior to the institution of that action, the parties had themselves agreed upon a division of their property, which contract Mr. Gerts attacked in his cross-complaint. In an action for divorce, the trial court is not bound by any property agreement which the parties may have made. All

the property of the parties, whether separate or community, is before the court, and the same may be divided between the parties as the court deems just and equitable. In an action for divorce, a property settlement or agreement between the parties may be entirely disregarded by the court, and should be followed in dividing the property between the parties in the interlocutory order only when the court is satisfied that the agreement is fair and just and, in view of all the circumstances of the case, conforms to the views of the court as to a proper division of the property of the respective parties.

The fact that Mr. Gerts had, in the divorce action, filed a cross-complaint attacking the property settlement, in law added nothing to the authority of the court, by the interlocutory order, to divide the property of the parties. It was a proper course for Mr. Gerts to follow in making up the issues to be tried, but it did not enlarge the scope of the evidence to be admitted nor the inherent power of the court to divide the property.

Respondent argues that relator has made no case for the issuance of a writ of prohibition, because it does not appear that the trial court is acting without or in excess of its jurisdiction, and because an adequate remedy by appeal exists. We hold that, in indicating that it will proceed to hear, in the divorce action, the issues raised by Mr. Gerts' cross-complaint, the trial court is acting in excess of its jurisdiction, as that action has abated, the court having only jurisdiction to enter an order of dismissal. The death of Mrs. Gerts is admitted. The jurisdiction of the court does not depend upon any controverted fact which it must determine. *State ex rel. Hopman v. Superior Court,* 88 Wash. 612, 153 Pac. 315.

Under the circumstances, we are also of the opinion that the remedy by appeal is not adequate.

The writ will issue.

BLAKE, C. J., STEINERT, GERAGHTY, and JEFFERS, JJ., concur.