[No. 29753. Department Two. March 28, 1946.]

CLARA DOUGHERTY, *Respondent*, v. PHILIP D. DOUGHERTY, *Appellant.*[1]

*H. Sylvester Garvin, Anthony Savage*, and *Frederick B. Cohen*, for appellant.

*R. W. Miller* and *John J. Sullivan*, for respondent.

BEALS, J.—Philip D. and Clara Dougherty intermarried March 1, 1941. November 20, 1944, Mrs. Dougherty filed, in the office of the clerk of the superior court for Kitsap county, her complaint, asking for a decree of divorce and praying that certain property, which she alleged was her separate property, be awarded to her.

The defendant answered with denials, and, by way of a cross-complaint, asked that a decree of divorce be awarded

[1] Reported in 167 P. (2d) 467.

to him, and alleged that the community owned certain real and personal property. Plaintiff replied to defendant's cross-complaint, denying the material allegations therein set forth.

The action came on regularly to be heard during the month of May, 1945, and resulted in the entry of findings of fact and conclusions of law in favor of the plaintiff. May 14, 1945, an interlocutory order was entered, vesting title to certain real and personal property in plaintiff, and providing that, on the expiration of six months from the date of the interlocutory order, a decree of divorce might be entered, on application of either party to the action. From the interlocutory order, the defendant seasonably gave notice of appeal and filed a cost bond on appeal in support thereof.

December 14, 1945, appellant filed in this court his motion for an order substituting R. W. Miller, as executor of the last will of Clara Dougherty, as party respondent herein, together with his affidavit alleging that, November 30, 1945, the respondent, Clara Dougherty, died; and that, December 7, 1945, letters testamentary upon her will were issued by the superior court for Kitsap county to R. W. Miller, one of her counsel on this appeal. By the same motion, appellant moved to dismiss the appeal for the reason that, no final decree of divorce ever having been entered, the action had abated upon the death of Mrs. Dougherty.

The appeal was set down for hearing before this court for February 14, 1946, and appellant's motion for substitution of the executor as a party in place of respondent and to dismiss the appeal, having been passed to the merits, was argued with the appeal. Respondent's counsel joined with appellant in asking that the executor of the will be substituted as party respondent.

March 6, 1946, an order was entered by this court substituting R. W. Miller, as executor of the last will and testament of Clara Dougherty, deceased, late respondent herein, as party respondent to this action.

From the facts stated above, disclosed by the record herein, it appears that the above-entitled action was brought

for the purpose of procuring a decree of divorce; that the action was at issue and the trial completed; and that an interlocutory order was entered determining the rights of the parties to certain real and personal property and directing that, upon motion of either party, a decree of divorce should be entered at the expiration of six months from and after the date of the interlocutory order.

Defendant in the action, appellant herein, having appealed to this court from the interlocutory order, the statutory time for the entry of a final decree of divorce was necessarily extended until the appeal to this court was heard and determined. While the appeal was pending, the plaintiff in the action, respondent here, died.

Appellant, after moving for the substitution of the executor in place of the deceased respondent, has moved to dismiss the appeal on the ground that, upon the record before this court, no judgment or order, save an order dismissing the appeal, can be entered. Respondent executor, on the other hand, argues that we should entertain the appeal and review on the merits the provisions of the interlocutory order vesting in respondent testatrix certain real and personal property as her sole and separate property and estate.

In her complaint, Mrs. Dougherty alleged that the property referred to therein was her sole and separate property and asked that the court decree that it was of that class. In his answer, appellant alleged that a considerable portion of the property was the community property of the parties. Upon this issue, the court found in favor of Mrs. Dougherty and concluded that she was entitled to a decree vesting in her, as her sole and separate property, title to the real and personal property described in the findings. The interlocutory order followed the findings of fact and conclusions of law.

In the recent case of *McPherson v. McPherson*, 200 Wash. 365, 93 P. (2d) 428, this court held that an interlocutory order, entered in an action for divorce, becomes a nullity in its entirety upon the death of either husband or wife

prior to the entry of the final decree of divorce, except where the rights of third parties are concerned.

In the case cited, Mrs. McPherson instituted an action for. divorce against her husband, on the ground of nonsupport. The defendant counterclaimed, asking that the divorce be awarded to him. The trial resulted in the entry of an interlocutory order determining the property rights of the parties, awarding the custody of a minor child to the plaintiff, denying the defendant's application for divorce, and, of course, directing that a final decree of divorce be entered after the expiration of six months from the date of the interlocutory order.

From this order, the defendant appealed to this court, and, while the appeal was still pending, Mrs. McPherson died. The appellant then moved in this court that the appeal be dismissed. We stated the question before the court as follows:

"The question to be determined is: Does an interlocutory order of divorce, which makes an award of property, fail, abate, and become a nullity for all purposes upon the death of a party respondent, occurring subsequent to its entry and prior to the entry of a final decree, and while an appeal from such interlocutory decree is pending in this court?"

The executor of Mrs. McPherson's will (having been substituted for her as party respondent) contended, as does respondent here, that the action had not abated upon Mrs. McPherson's death in so far as the property rights of the parties, as they were settled by the interlocutory order, were concerned.

This court, after citing and quoting at length from several of our opinions, said:

"We are of the opinion that the subject matter of the controversy abated, and that the interlocutory decree in its entirety automatically became a nullity, as of the date of respondent's death. We think it needless to further argue the matter as to the finality of the interlocutory decree, in so far as it affected a division of the property, in view of what was said In re Martin's Estate, supra [127 Wash. 44, 219 Pac. 838]. We do not believe § 996, supra, was intended to, or that it does, empower this court to reverse, modify,

or affirm an interlocutory decree of divorce, after the death of one of the parties to such decree, except where the rights of third parties were involved in the decree itself, and then only for the purpose of adjudicating the rights of such third persons."

The appeal was accordingly dismissed.

The court referred to and distinguished the case of *Masterson v. Ogden*, 78 Wash. 644, 139 Pac. 654, Ann. Cas. 1914D, 885, in which it was held that an appeal from a decree of divorce (entered prior to the statute now in effect) would be considered by this court, even though the husband died while the appeal was pending, where the rights of third parties (who, it may be noted, were parties to the action) were affected by the provisions of the decree adjusting the property rights of the husband and wife.

In the case at bar, no rights of third parties are in anywise affected by the interlocutory order.

The *McPherson* case and other of our decisions referred to in the opinion in that case were discussed in *State ex rel. Atkins v. Superior Court*, 1 Wn. (2d) 677, 97 P. (2d) 139. In the case last cited, there was filed in this court an original application for a writ of prohibition, directing the superior court to cease from proceeding further in an action for divorce, it appearing that the plaintiff wife had died subsequent to the entry of the interlocutory order, but prior to the entry of a final decree. We held that, upon the plaintiff's death, the action abated, leaving the court with no further jurisdiction save to enter an order of dismissal.

Respondent cites the case of *State ex rel. Gaupseth v. Superior Court, ante* p. 371, 164 P. (2d) 890, an original proceeding in this court, whereby the relator sought a writ of prohibition to restrain the superior court from proceeding further in an action for divorce in which an interlocutory order had been entered approving a written agreement previously made by the husband and wife dividing their property. No appeal from the interlocutory order was taken, and the time within which an appeal could be prosecuted had expired, although no final decree of divorce had been entered.

At this stage of the proceedings, the husband filed an application to set aside the interlocutory order and revise the provisions thereof concerning the property of the parties. Both parties were living, and, upon announcement by the trial judge that he would proceed to hear the husband's petition, the wife applied to this court for a writ of prohibition against such procedure, which writ was granted. This court properly held that the interlocutory order, unless appealed from within the time limited by law, was a final adjudication of the property rights of the parties. The case is not here in point.

Respondent relies upon the opinion of this court, *In re Garrity's Estate*, 22 Wn. (2d) 391, 156 P. (2d) 217, in which the facts, briefly stated, were as follows: William E. and Eleanor M. Garrity were husband and wife, and the owners of community property of considerable value. September 2, 1943, they entered into a formal agreement, evidenced by the making and delivery of written instruments, dividing their community property between them. The respective conveyances delivered each contained a clause reading, in effect, as follows:

" 'The object of this deed is to divest the grantor herein of any and all interest in and to the above described premises, either community or otherwise, and to vest title to said premises in the grantee herein as his separate property, free and clear of any claims whatsoever on the part of the grantor herein.' "

September 4, 1943, Mrs. Garrity sued her husband for divorce, and, October 8th following, an interlocutory order was entered approving the property settlement made by the parties. Mr. Garrity died testate January 24, 1944, and his will was thereafter admitted to probate, and the appointment of the executor therein named was confirmed by the court. Subsequently, Mrs. Garrity filed a petition, setting forth that she was Mr. Garrity's widow and asking that she be appointed administratrix of his estate with the will annexed. After a hearing, the trial court dismissed her petition, and, from the judgment of dismissal, Mrs. Garrity appealed to this court.

On appeal, the appellant argued that all of the property left by her deceased husband was community property, for the reason that the property settlement which had been made was entered into in contemplation of a divorce; that the agreement which had been accomplished became merged in the interlocutory order; and that, because of such merger, the property settlement became null and void upon the death of Mr. Garrity, which occurred prior to the entry of a decree of divorce.

The respondents contended that Mr. and Mrs. Garrity had fully completed the agreed division of their community property, and that each took possession of his or her share of the property covered by the agreements, according to the terms thereof, and thereafter held such property as his or her separate property.

After referring to Rem. Rev. Stat., § 10572 [P. P. C. § 434-45], which provides, *inter alia,* that the husband and wife may give, sell, or convey community property each to the other and thereby divest the property conveyed of its community nature, we held that if it appeared that it was the intention of the parties to make a settlement of their community property rights

" . . . which would be effective regardless of any action the court might take in the divorce case, then the property secured by each became and remains separate property."

The court stated a further question as follows:

"Another question to be answered is whether or not the property became separate and vested in the respective parties at the times the deed and bills of sale were executed and delivered. If the title was so vested, then the property became separate and remained in that condition."

From the record, it clearly appeared that Mr. and Mrs. Garrity, at the time they divided the property, intended that thereafter each party would hold the property received, pursuant to the agreement between them and the exchange of conveyances, as his or her sole, separate, and individual property and estate, and that the interests, respectively, became vested upon delivery of the conveyances.

The court cited our previous decision, *In re Martin's Estate,* 127 Wash. 44, 219 Pac. 838, and held that the opinion in that case was controlling. The judgment appealed from was affirmed.

■ The opinion in the *Garrity* case is nowise controlling in the case at bar. From the record now before us, it appears that the status of the property was fixed by the trial court in the interlocutory order. The *McPherson* case, *supra,* is controlling here. The interlocutory order, upon which respondent relies, became a nullity in its entirety upon the death of Mrs. Dougherty, and the divorce action abated.

In addition to moving that the appeal be dismissed, the appellant moves that it be dismissed with prejudice. As the action has abated, there is no ground for any order other than an order of dismissal. There remains before us no question for decision, and the appeal is accordingly dismissed.

Following the *McPherson* case, it is ordered that no costs be allowed in this court to either party.

Driver, C. J., Blake, Robinson, and Jeffers, JJ., concur.