[No. 35263. Department Two. April 28, 1960.]

*In the Matter of the Estate of* GEORGE JANSSEN, *Deceased.*[1]

[1]Reported in 351 P. (2d) 510.

*Sterbick, Manza, Moceri & Sterbick* and *David E. Rhea*, for appellant.

*Sherwood & Forrest*, for respondent.

FOSTER, J.—This is an appeal by the surviving wife of George Janssen from an order denying her petition to remove the executor named in decedent's will and to substitute herself as executrix.

The petition alleged an agreement which gave the surviving spouse all community property. It urged that decedent's savings, which had been inventoried as separate property, were community property and vested in appellant wife. The argument is, therefore, that provisions in decedent's will which bequeathed such property to others and appointed a stranger as executor were ineffective, and that appellant, the surviving spouse, has a right to the property and must be appointed to administer the community funds. The trial court found that the savings were not community property and denied appellant's petition.

The Janssens were married in 1913. In 1917, they executed an agreement which recited that any community property then owned or thereafter acquired would, on the death of either, vest in the surviving spouse. On September 27, 1928, an interlocutory decree of divorce was entered in the superior court of Pierce county. In those proceedings, there was testimony with respect to an oral property settlement agreement between the Janssens, which agreement was approved and incorporated into the interlocutory decree. Several months later, Mr. Janssen moved from Tacoma to Bellingham where he lived continuously until his death in 1958. Mrs. Janssen continued to live in Tacoma.

At various times during the thirty years after the divorce, the Janssens visited with and aided each other; however, these occurrences were neither frequent nor significant and, as the trial court correctly found, did not negative the manifest intent and action of the parties to lead separate lives and accumulate separate property. Such finding is supported by the facts that the parties lived apart, supported themselves, kept their property and earnings separate, and filed separate income tax returns.

During this period, Mr. Janssen accumulated savings of approximately fourteen thousand dollars which he disposed of by will to others. The savings were inventoried by the executor as separate property, but they are claimed by appellant to be community property.

Appellant argues that the interlocutory decree became a complete nullity by death without the entry of a final decree. Appellant contends the property settlement agreement contained therein was, likewise, nullified and property subsequently acquired during marriage was community and within the community property agreement. The trial court found that decedent's property was separate and that the community property agreement was, therefore, inapplicable.

We agree that the death of Mr. Janssen prior to entry of a final decree completely nullified the interlocutory decree of divorce, and that, as a consequence, the property settlement agreement therein contained was, likewise, nullified. *In re Garrity's Estate,* 22 Wn. (2d) 391, 156 P. (2d) 217; *State ex rel. Atkins v. Superior Court,* 1 Wn. (2d) 677, 97 P. (2d) 139; *McPherson v. McPherson,* 200 Wash. 365, 93 P. (2d) 428. However, such is not decisive.

The trial court held on substantial evidence that the parties agreed and intended that all property accumulated by either after the interlocutory decree should be the separate property of each, and that the parties so treated the agreement continuously thereafter. The agreement is valid. Married persons may orally agree, whether they are living together or not, that their respective earnings shall be separate property. *Togliatti v. Robertson,* 29 Wn. (2d)

844, 190 P. (2d) 575; *In re Martin's Estate*, 127 Wash. 44, 219 Pac. 838; *Union Securities Co. v. Smith*, 93 Wash. 115, 160 Pac. 304; and *Dobbins v. Dexter Horton & Co.*, 62 Wash. 423, 113 Pac. 1088. The fact that the agreement was not in writing makes no difference. This is not a case seeking to establish an agreement between husband and wife as to the status of real property (see *Dobbins v. Dexter Horton & Co., supra*), nor is it a case where the agreement was made before marriage (see *Union Securities Co. v. Smith, supra*).

*Togliatti v. Robertson, supra*, is applicable. There, an interlocutory decree of divorce had been entered, but not a final decree. However, the parties subsequently lived apart, and each refrained from interference with the affairs of the other. The husband died eighteen years after the entry of the interlocutory decree. This court held that the decree was totally nullified, but, nevertheless, that the wife was not entitled to the after acquired property of the decedent husband. The court stated:

"True, there was no formal agreement between these parties making any subsequently acquired property the separate property of each. But for eighteen years each went his separate way. By their conduct during these years, they recognized the separate ownership of all property thereafter accumulated by either of them."

 The *Togliatti* case controls. The property acquired by Mr. Janssen was his separate property; therefore, the community property agreement was inapplicable. The trial court correctly denied appellant's petition.

The judgment is affirmed.

WEAVER, C. J., HILL, FINLEY, and ROSELLINI, JJ., concur.