This appeal calls for a determination of whether or not certain life insurance is subject to an inheritance tax.
July 23, 1935, Bertrum C. Coffey, a resident of this state, died and left a substantial estate. This decedent had been the husband of Bertha Agnes Coffey for many years. It is admitted that nearly all of the assets of decedent's estate are community property. *Page 380 
The supervisor filed findings, showing the aggregate proceeds of life insurance policies in which the decedent was insured, totaled $121,279.82; added the same to the other assets of the estate, and allowed an exemption of $40,000 on the total amount of insurance pursuant to Laws of 1935, chapter 180, § 115, p. 784, Rem. Rev. Stat. (Sup.), § 11211b [P.C. § 7030-175]. Respondent filed objections to the findings, objecting to the inclusion as a part of the taxable estate of more than one-half of the aggregate total amount of the insurance policies, namely $60,639.91, and praying for a refund for an alleged overpayment.
All of the insurance policies, save the Minnesota Mutual Life Insurance Company Policy No. 42276, in which decedent's wife was designated as beneficiary, were acquired during the existence of the marital community and all of the premiums for these policies were paid with community funds. With reference to policy No. 42276, five annual premiums were paid thereon from the decedent's separate property and the remaining twenty-four premiums were paid from the community funds of decedent and his wife. The wife was designated as the beneficiary of the great bulk of this insurance; a son and daughter were named beneficiaries in several policies; and one policy was payable to decedent's estate.
The trial court segregated the proceeds of policy No. 42276 and held 5/29ths of that policy was separate property of decedent, and that in the balance of the proceeds of that policy and the remaining policies, decedent had an undivided one-half interest and the surviving spouse had an equal interest therein; included only the interest of decedent in the gross estate for the purpose of computation of the tax; and made provision for a refund of the overpayment. The supervisor appeals and contends that the trial court erred *Page 381 
in including only one-half of the insurance proceeds in decedent's gross estate instead of the entire amount thereof.
Laws of 1935, chapter 180, § 115, Rem. Rev. Stat. (Sup.), § 11211b provides:
"Insurance payable upon the death of any person shall be deemed a part of the estate for the purpose of computing the inheritance tax and shall be taxable to the person, partnership or corporation entitled thereto. Such insurance shall be taxable irrespective of the fact that the premiums of the policy have been paid by some person, partnership or corporation other than the insured, or paid out of the income accruing from principle provided by the assured for such payment, whether such principal was donated in trust or otherwise: Provided, however, That there is exempt from the total amount of insurance, regardless of the number of policies, the sum of forty thousand dollars and no more: . . ."
Appellant asserts that the wife could not have a vested one-half interest in the proceeds of the policy because, during the life of her husband, the wife has nothing she can call her own so far as management, control, and enjoyment is concerned.
Rem. Rev. Stat., § 6892 [P.C. § 1433], provides:
"Property, not acquired or owned as prescribed in the next two preceding sections, acquired after marriage by either husband or wife, or both, is community property. The husband shall have the management and control of community personal property, with a like power of disposition as he has of his separate personal property, except he shall not devise by will more than one-half thereof."
[1] It will be admitted that the husband, in the very nature of things as manager of the marital community, is accorded a wide latitude of discretion with regard to the acquisition and sale of community personalty which the wife does not enjoy. That the wife *Page 382 
may not acquiesce in certain transactions of the husband relating to community personal property for which the community may, nevertheless, be held responsible, is true. The husband, however, may be restrained from engaging in transactions which are clearly inimical to the economic welfare of the community and not for its benefit, unless the wife consents thereto. Marston v. Rue,92 Wn. 129, 159 P. 111; Catlin v. Mills, 140 Wn. 1,247 P. 1013, 47 A.L.R. 545; In re McCoy's Estate, 189 Wn. 103,63 P.2d 522.
Under the express terms of Rem. Rev. Stat., § 6892, the husband may not devise by will more than one-half of the community personal property. With respect to conveyances and incumbrances of community real property, the wife must join therein to render them effective. (Rem. Rev. Stat., § 6893 [P.C. § 1434].)
The interest of the wife in the community estate in this state is not a contingent or expectant interest, but a present, undivided, one-half interest. Marston v. Rue, supra; Schramm v.Steele, 97 Wn. 309, 166 P. 634; Poe v. Seaborn,282 U.S. 101, 75 L.Ed. 239, 51 S.Ct. 58. No new right or interest is generated in the wife by the death of her husband; his death merely affords the occasion for the termination of the husband's interest in the community estate.
In Occidental Life Ins. Co. v. Powers, 192 Wn. 475,74 P.2d 27, we said:
"In this state, insurance or the proceeds of insurance are not mere expectancies or choses in action, but are property; and if the premiums are paid by the assets of the community, they constitute community property."
Appellant contends that the insurance proceeds involved in this case constitute essentially the same situation as that involved in a joint bank account, and since *Page 383 
we have held that such accounts should be included in the deceased joint tenant's estate for the purpose of the computation of the inheritance tax, Nelson v. Olympia Federal Sav. LoanAss'n, 193 Wn. 222, 74 P.2d 1019, we should treat this insurance in a like manner.
There is no substantial merit in that contention. The analogy between them is, at best, a very imperfect one. Each party to a joint account has absolute power to withdraw the entire account, and while the parties to the joint account are still living, one joint tenant may claim the entire account as his own, whereas in the marital community the husband and wife each own an undivided one-half interest in the property during coverture.
In In re McGrath's Estate, 191 Wn. 496, 71 P.2d 395, we had under consideration the question as to whether a certain life insurance policy in which the premiums were paid by the McGrath Candy Company, which was named beneficiary, could lawfully be taxed under § 115, chapter 180, Laws of 1935, and we concluded that these policies were not subject to the inheritance tax. Upon appeal to the United States supreme court, certiorari was denied.State v. McGrath, 303 U.S. 667, 58 S.Ct. 749.
The observation we made in that case is peculiarly appropriate as to the taxability of the wife's one-half interest in the community property. We said:
"It is, therefore, in the very nature of things, impossible for an estate or inheritance tax to be exacted with respect to something in which the decedent did not own or have some kind of right at the time of his death, for in such a case there is no transfer." (Citing cases.)
Decedent's surviving spouse has essentially the same interest in the insurance in so far as her one-half interest is concerned, with the exception of the one *Page 384 
policy acquired before marriage, as the McGrath Candy Company inIn re McGrath's Estate, supra.
Appellant relies upon Moffitt v. Kelly, 218 U.S. 400,54 L.Ed. 1086, 31 S.Ct. 79, 30 L.R.A. (N.S.) 1179, in support of the proposition that the state has the right to impose an inheritance tax on the share of the wife in the community property resulting from the termination of the community by the death of the husband. This case is not controlling in the case at bar, inasmuch as the interest of the wife there was a mere expectancy, like the interest which an heir may possess in the property of his ancestor, under the law and judicial decisions of California. See In re Moffitt's Estate, 153 Cal. 359, 95 P. 653, 20 L.R.A. (N.S.) 207, and on rehearing in 95 P. 1025.
The other Federal court cases relied upon by appellant arose in other jurisdictions, and involved community property laws which are dissimilar from those which obtain in this state with reference to the rights of the spouses in and to community property, and hence are neither persuasive nor decisive here.
In Lang v. Commission of Internal Revenue, 304 U.S. 264,58 S.Ct. 880, Julius C. Lang, who was domiciled in this state at the time of his death, had seventeen insurance policies upon his life. Fourteen designated his wife as sole beneficiary, and three specified children as beneficiaries. The court held that only one-half of the proceeds collected under these insurance policies, issued after marriage and paid for with community funds, must be reckoned as part of his gross estate. With regard to proceeds of the policies issued before marriage upon the deceased husband's life, the first premium having been paid from his separate funds and all subsequent ones from community funds, one-half of such proceeds, the premiums for which were *Page 385 
satisfied with community funds, became a part of his gross estate.
In the case before us, we have, in addition to the policies mentioned in Lang v. Commission of Internal Revenue, supra, one policy which was payable to decedent's estate.
In In re Brown's Estate, 124 Wn. 273, 214 P. 10, we had before us a life insurance policy payable to the insured's estate, in which the premiums were apparently paid with community funds, and we said:
"In regard to item 4, being the proceeds of a life insurance policy, payable to the estate, no proof was introduced and the presumption must be conclusive that it is community property. As was said in Succession of Buddig, 108 La. 406, 32 So. 361:
"`(Syllabus): A policy of life insurance issued to a married man during the existence of the community and made payable to his executors, administrators and assigns, falls into the community and not his separate estate, on the dissolution of the former by his death . . . (From opinion):
"`The husband is the head and master of the community. . . . The assured having made the policy payable to an "executor, administrator, or assigns," it is, in our view, as if it had been made payable to himself. He has no right to transact so as to build up a separate estate to the disadvantage of the community. As to him, primarily all the property belongs to the community. Everything left at the dissolution is presumed common.'"
The separate character of the property continues so long as it can be clearly traced and identified. Schramm v. Steele, supra.
Under the facts disclosed, the trial court made a proper segregation of policy No. 42276.
We conclude that, with respect to the balance of the proceeds of the insurance, since the premiums were paid with community funds, the wife had an undivided one-half interest in the policies. Only the husband's *Page 386 
one-half interest therein may be included in his gross estate, and the forty thousand dollar exemption prescribed by Laws of 1935, chapter 180, § 115, Rem. Rev. Stat. (Sup.), § 11211b, is applicable thereto.
The judgment is affirmed.
STEINERT, C.J., MAIN, GERAGHTY, and SIMPSON, JJ., concur.