[No. 29323. *En Banc.* January 22, 1945.]

*In the Matter of the Estate of* JOHN THOMAS TOWEY, *Deceased.*

AGNES E. TOWEY, *Respondent,* v. SEATTLE-FIRST NATIONAL BANK, *as Executor, Appellant.*[1]

[1]Reported in 155 P. (2d) 273.

*Koenigsberg & Sanford,* for appellant.

*Wettrick, Flood & O'Brien* and *Robert A. Devers,* for respondent.

MILLARD, J.—John Thomas Towey procured from the Minnesota Life Insurance Company four policies of insurance on his own life, of each of which policies the insured's wife, Agnes E. Towey, was named beneficiary. Each policy, the date of issuance and face amount of which are as follows, reserved to the insured the right to change the beneficiary by filing with the insurer a written request therefor, such change to become effective when indorsed upon the policy by the insurer:

| | |
|---|---|
| May 29, 1930 | $2,500 |
| February 12, 1932 | $1,500 |
| October 4, 1935 | $1,000 |
| September 1, 1936 | $5,000 |

The funds used for payment of all of the premiums on all of the policies were those of the marital community composed of John Thomas Towey and Agnes E. Towey. December 22, 1942, without consent or knowledge of his wife, the insured, pursuant to change of beneficiary clause in the insurance contracts, caused to be effected a change in the beneficiary on each policy to "the executors or administrators of the estate of the insured."

By his will, executed November 11, 1942, Towey gave to his wife one dollar and named Seattle-First National Bank executor and trustee of his entire estate, with direction to pay a stated sum monthly for educational purposes to the minor son of John Thomas Towey and Agnes E. Towey until the son arrived at the age of twenty-five years, when the residue of the estate was to be paid to the son. In the event of the son's death prior to the age of twenty-five years, any residual funds in the trust estate were bequeathed to the decedent's brother.

The insured died January 17, 1943, and after his will was admitted to probate the executor and the surviving spouse made adverse claims to the proceeds of the four policies.

From the facts recited, the court concluded that the attempted change of beneficiary of each of the policies was ineffective and that Agnes E. Towey was entitled to the proceeds of the four policies of insurance. Judgment was entered awarding the proceeds of the four policies to Mrs. Towey. The executor appealed.

Counsel for respondent contend, citing *Occidental Life Ins. Co. v. Powers*, 192 Wash. 475, 74 P. (2d) 27, 114 A. L. R. 531, as determinative of the question presented in the case at bar, that when the premiums on a life insurance policy originally payable to the wife, insuring the husband's life, are paid with funds of the marital community, the insured may not, unless his wife consents thereto, designate a person other than his wife as the new beneficiary, although the insurance contract in express terms gives to the insured the right to change the beneficiary without notice to or consent by the original beneficiary.

■ With the exception of property owned by the spouses prior to marriage and that acquired subsequently by gift, bequest, devise, or inheritance and the rents, issues and profits thereof, all property acquired after marriage in any manner whatsoever by either spouse, or both, is community property. Rem. Rev. Stat., §§ 6890-6892 [P. C. §§ 1424, 1432, 1433]. All community property, both real and personal, is owned by both spouses equally. *Bortle v. Osborne*, 155 Wash. 585, 285 Pac. 425, 67 A. L. R. 1152. While the husband is a statutory agent for the community, there is an absolute equality of ownership and rights in all community property, there being no distinction whatever so far as concerns the equal property interests of husband and wife. *Schramm v. Steele*, 97 Wash. 309, 166 Pac. 634.

The statute (Rem. Rev. Stat., § 6892) clothes the husband with authority to manage and control community personal property with a like power of disposition as he has of his separate personal property, except he shall not

devise by will more than one half of the community property.

Upon the death of either spouse, one half of the community property remaining after payment of debts of the community shall be subject to testamentary disposition of the deceased spouse. Rem. Rev. Stat., § 1342 [P. C. § 9848].

In *Occidental Life Ins. Co. v. Powers, supra,* we held that "insurance, or the proceeds of insurance are not mere expectancies, or choses in action, but are property," and if the insurance premiums are paid with assets of the community they constitute community property; that is, the wife has a vested property right in all of the community property equal to that of her husband, and neither spouse may, without consent of the other, make gifts of the community property even to his or her own relatives. The husband may not, as statutory agent or manager of the marital community, change the beneficiary of the insurance policy from his spouse to another person and thereby make a gift of community property to anyone against the consent of his wife.

*King v. Prudential Ins. Co.,* 13 Wn. (2d) 414, 125 P. (2d) 282, is indistinguishable from *Occidental Life Ins. Co. v. Powers, supra.* In each case, the husband, without the consent of his wife, attempted to make a change of beneficiary of a life insurance policy, the premiums on which were paid out of community funds. In each case, we held that the husband's statutory (Rem. Rev. Stat., § 6892) authority to sell and dispose of community personal property did not authorize him to give it away without his wife's consent. We did not hold that the husband's vested property right in the insurance was not equal to that of his wife and that he could not by testamentary disposition give away his portion of the community property.

The change of beneficiary from his wife to the executors or administrators of his estate did not divest respondent wife of her equal interest with her husband in the community property. The husband did nothing more than exercise his statutory power of management, not of

disposition, of community personal property, and he was not *giving it away* without his wife's consent.

If a husband desired to make a testamentary disposition of his one half of the community property, consisting of the proceeds of insurance policies, he could only do so by making the proceeds of those policies payable to his estate or to his personal representatives, such as executors or administrators. *German-American Bank v. Godman,* 83 Wash. 231, 145 Pac. 221. Where the insurance is payable to the estate of the insured or to his personal representatives, the proceeds constitute community property if the premiums were paid with community funds; and in each instance the personal representatives of the insured receive one half of the avails of the policy. *In re Coffey's Estate,* 195 Wash. 379, 81 P. (2d) 283.

The insurance contracts gave to the insured the unqualified right to change the beneficiary. Of course, the insurer could not authorize the insured to make a gift of any part of the community property to any one (without the wife's consent) during the insured's lifetime. The statute (Rem. Rev. Stat., § 6892) grants all the authorization necessary to effect the change of beneficiary, as it clothes the husband with the power of management and control of community personal property.

If, as argued by counsel for respondent, there could be no change of beneficiary without the consent of the wife—the position is untenable—it would follow that the policies of insurance were not community property in which the husband had an equal interest with his wife, but that the policies of insurance on the life of a husband payable to the wife were the separate property of the wife, although purchased with funds of the community.

 Where a policy of insurance is taken out by a husband during coverture and made payable to his estate or to his executor or administrator and the premiums are paid with community funds, the proceeds of the policy become community property upon his death. Where the insured designates his wife beneficiary of a policy of life insurance issued during the existence of the community, even if the

premiums on the policy are paid with funds of the community, the proceeds of the policy become, upon the death of the insured, the separate estate of the wife. Rem. Rev. Stat. (Sup.), § 7230-1 [P. C. § 7854-2]; *Northern Sav. & Loan Ass'n v. Kneisley,* 193 Wash. 372, 76 P. (2d) 297. Where, as in the case at bar, policies (premiums of which are paid with community funds) payable to the wife insuring the husband's life expressly reserve to the insured husband the right to change the beneficiary, the husband has the right to change the beneficiary, but that right is limited to changing the beneficiary to the estate or personal representatives of the insured. This is simply an exercise of the power of management and control of community personal property vested in the husband by statute (Rem. Rev. Stat., § 6892) and is not the making of gifts of community property "against the consent of the wife."

Legislatures and courts have sought for centuries to change the barbarous common-law system of marital property rights which was so unfavorable to the wife. Enactments and decisions have increased the wife's property rights in this state, so that the wife now has a vested property right in all of the community property equal to that of her husband. We are not aware of any statute or court decision which deprives the husband of a vested property right in all of the community property equal to that of his wife.

In *Schade v. Western Union Life Ins. Co.,* 125 Wash. 200, 215 Pac. 521, the wife was the beneficiary of her husband's life insurance policies, which reserved to the insured the right to change the beneficiary, who claimed the policies as a gift. She redelivered the policies to the insured, making it possible for him to change the beneficiary and borrow money on the policies, the community gaining the benefit. We held that she was estopped to assert title to the policies and must bear the loss as the one of two equally innocent persons who made the fraudulent act possible. The case is not in point.

In *In re McGovern's Estate,* 181 Wash. 231, 42 P. (2d) 796, 46 P. (2d) 1118, the husband transferred during his

lifetime, without consideration, his partnership interest in a business. This constituted a fraud on the wife, as the property was community property, only one half of which was subject to testamentary disposition by the husband. This case is not in point.

In *Massachusetts etc. Co. v. Bank of California,* 187 Wash. 565, 60 P. (2d) 675, we followed the rule that a policy reserving to the insured the right to change the beneficiary at will may be assigned or pledged by the insured without the consent of the designated beneficiary. Upon the death of the insured, the assignee or pledgee would be entitled to the proceeds of the policy to the extent of his interest as against the beneficiary.

In *Occidental Life Ins. Co. v. Powers, supra* (which is distinguishable from the case at bar), we held that a life insurance policy payable to the wife, insuring the husband's life, and the premiums were paid with community funds, was community personal property, in which the wife had a vested interest equal to that of her husband; therefore, despite the right given to him by the policy to change the beneficiary without consent of the beneficiary, the husband could not designate, without his wife's consent, the insured's mother and private secretary as new beneficiaries: That is, consistent with our prior holdings, while the husband is manager, with power to sell and dispose of community personal property, "it does not follow that he can *give* it away." (Italics ours.) *Marston v. Rue,* 92 Wash. 129, 159 Pac. 111.

For the sake of clarity, we are repetitive. The subject matter (proceeds of four life insurance policies) of this controversy is community property, which, of course, was owned equally by John Thomas Towey and his wife (respondent), as all community property, both real and personal, is owned by both spouses equally. That is, respondent had a vested property right in all of the community property (proceeds of insurance policies and all other assets of the marital community) equal to that of her husband. When the husband died, the assets (insurance proceeds and all other community property) of the marital

community should have been applied to payment of debts of the marital community. One half of the community property remaining after payment of debts of the community should have been distributed to respondent widow. The other one half of the community property remaining after payment of debts of the community was subject to testamentary disposition of decedent Towey (Rem. Rev. Stat., § 1342), and that one half should have been distributed pursuant to the terms of his last will and testament, executed January 17, 1943.

The judgment is reversed and the cause remanded, with direction to the trial court to proceed in conformity to this opinion.

BEALS, C. J., STEINERT, SIMPSON, ROBINSON, BLAKE, JEFFERS, and GRADY, JJ., concur.

MALLERY, J. (dissenting)—I dissent. I think Rem. Rev. Stat., § 7230-1, exempts the wife's avails of the insurance policies from the payment of the community debts, and that she should receive them forthwith, without waiting for the decree of distribution in the probate proceedings.