[No. 30326. Department One. October 21, 1947.]

CALIFORNIA-WESTERN STATES LIFE INSURANCE COMPANY, *Plaintiff*, v. DAWN JARMAN, *Individually and as Administratrix, Respondent,* MAY TOLLETTE, *Appellant.*[1]

[1]Reported in 185 P. (2d) 494.

*Robertson & Smith,* for appellant.

*Royce & Hurley,* for respondent.

MILLARD, J.—Clyde H. Jarman and Dawn Jarman intermarried July 14, 1944. One child, James Wesley Jarman, was born of that union. June 18, 1946, an interlocutory order of divorce from Clyde H. Jarman was entered in favor of Dawn Jarman, to whom the husband was required to pay forty dollars a month alimony and fifty dollars a month for the support of their minor child.

September 28, 1946, California-Western States Life Insurance Company issued to Clyde H. Jarman a policy of insurance on his life in the amount of three thousand dollars, in which policy Jarman's mother was the named bene-

ficiary. The husband died November 13, 1946, as the result of an accident. The insurance company interpleaded the mother of the deceased and the wife of the deceased and paid into court $2,904.52, the proceeds of the life insurance policy. One monthly premium of $9.02 was paid by the insured at the time of the issuance of the policy. The premium for the remaining eleven months, amounting to $95.48, was deducted from the face of the policy. Trial to the court resulted in judgment awarding the proceeds of the life insurance policy to Dawn Jarman. The named beneficiary, mother of the deceased, appealed.

In the divorce action, the interlocutory order made no disposition of community property rights, and a final decree of divorce was not entered because the husband died prior to the expiration of the statutory period of six months.

Is the mother of an insured, named as his beneficiary in a life insurance policy, entitled to the proceeds of such policy, where her son paid one monthly installment of the annual premium while living separate and apart from his wife, who had obtained an interlocutory order of divorce which did not become final because the insured died prior to the expiration of the statutory period of six months? That is the sole question, which is not an open one in this state, presented in the case at bar.

In *Occidental Life Ins. Co. v. Powers,* 192 Wash. 475, 74 P. (2d) 27, 114 A. L. R. 531, we held that, when the premiums on life insurance are paid with community funds, the proceeds of the policy on the life of the husband constitute community property, and that the wife's interest in the community property is a vested interest, of which she cannot be deprived without consideration. In *In re Coffey's Estate,* 195 Wash. 379, 81 P. (2d) 283, we followed *Occidental Life Ins. Co. v. Powers, supra.* In *Hanley v. Most,* 9 Wn. (2d) 429, 115 P. (2d) 933, we cited with approval *Occidental Life Ins. Co. v. Powers, supra,* and held that a life insurance policy, on which the premiums were paid out of community funds, constitutes community property, and that the husband may not, without the consent of his wife, substitute his mother and his secretary as beneficiaries

of such policy. See, also, to the same effect, *King v. Prudential Ins. Co.,* 13 Wn. (2d) 414, 125 P. (2d) 282, and *In re Towey's Estate,* 22 Wn. (2d) 212, 155 P. (2d) 273.

All property, with certain exceptions not pertinent in the case at bar, acquired after marriage by either husband or wife, or both, is community property. Everything that is produced by either spouse, whether it be by toil or talent, is earned by the community and belongs to the community. *Small v. Bartyzel,* 27 Wn. (2d) 176, 180, 177 P. (2d) 391.

In the absence of any evidence to the contrary, property acquired during coverture is community property. *In re Brown's Estate,* 124 Wash. 273, 214 Pac. 10. See, also, *In re Coffey's Estate,* 195 Wash. 379, 81 P. (2d) 283. In the case at bar, there is no evidence to overcome the presumption that the proceeds of the insurance policy is community property; hence, that presumption is conclusive.

"Where the premiums on insurance taken upon the life of the husband during coverture are paid from community funds, the policy is community property, so that in case the wife, who is named as beneficiary, predeceases the insured, the proceeds are community property and distributable to the heirs of both." 3 Couch, Cyclopedia of Insurance Law 1975.

The right of respondent to the proceeds of the policy of insurance was not in any wise changed by the entry of the interlocutory order in the divorce action, for the reason that the marital status of the parties was not changed, and for the further reason that their respective property rights were never adjudicated. Those cases in which the property rights were settled independent of the order of the court, as by the exchange of deeds, or where the rights of third parties were determined in the divorce action, are not cited in this opinion because neither element is present in the case at bar.

In *McPherson v. McPherson,* 200 Wash. 365, 93 P. (2d) 428, the wife sued for divorce and prayed that certain property be awarded to her, alleging it to be her separate property. The husband cross-complained, asked for a di-

vorce, and alleged that the property was community property. The trial court found the property to be the separate property of the wife and awarded it to her. The husband appealed. Pending the appeal, the wife died, whereupon appellant moved to dismiss the appeal. We held that the interlocutory order became a nullity in its entirety on the death of the wife, and, as the status of the property involved in the interlocutory order was not changed, the award to the wife would not stand. See, also, *In re Martin's Estate,* 127 Wash. 44, 219 Pac. 838. In *In re Brown's Estate, supra,* we held that an interlocutory order of divorce becomes a nullity for all purposes, on the death of either spouse, which occurs prior to the entry of the final decree.

▆▆ We are committed to the rule that an interlocutory order of divorce abates and becomes a nullity for all purposes on the death of one of the parties prior to the entry of the final decree (21 Wash. L. Rev. 178), and that an interlocutory divorce order, which had not become final at the time of the death of the insured, does not prevent a divorced wife from taking the proceeds of an insurance policy as a wife for the reason that, during the term of an interlocutory order of divorce, the marital relation exists in law, as well as in practical effect. 2 Couch, Cyclopedia of Insurance Law 1278.

▆ It is true that the statute (Rem. Rev. Stat. (Sup.), § 988 [P.P.C. § 23-15]) requires the trial court to make disposition of property in divorce actions. In the case at bar, this was not done. We held in *Lavigne v. Hughes,* 199 Wash. 285, 91 P. (2d) 560, that where the trial court does not, in the interlocutory order, dispose of same, title to community property vests in the former owners as tenants in common.

▆ If the property rights of the parties are not brought before the court in some appropriate manner, such rights are not affected by the decree. *Crockett v. Crockett,* 27 Wn. (2d) 877, 181 P. (2d) 180. In the case at bar, the community property, the nature and extent of which are not disclosed by the record, remained in the hands and under the management of the husband. That property included the property then in existence; the interest, ac-

cumulations, and earnings—it included all property acquired after the marriage (Rem. Rev. Stat., § 6892 [P.P.C. § 434-27]) which was not, and of course cannot now ever be, dissolved by a court.

The cause is remanded to the trial court with direction to enter judgment awarding the proceeds of the policy in question to Dawn Jarman, as administratrix of the estate of Clyde H. Jarman, deceased, instead of awarding the proceeds to Dawn Jarman, individually.

ROBINSON, SCHWELLENBACH, and HILL, JJ., concur.

MALLERY, C. J., dissents.

———————

December 15, 1947. Petition for rehearing denied.

