[No. 33183.   Department Two.   September 1, 1955.]

NORTHWESTERN LIFE INSURANCE COMPANY, *Plaintiff,* v. MARGARET S. PERRIGO, *Respondent,* JOYCE J. PERRIGO, *as Administratrix, Appellant.*[1]

[1]Reported in 287 P. (2d) 334.

E. P. *Whiting* and *George H. Bovingdon,* for appellant.

*Arthur E. Carr, Wayne R. Parker,* and *Bryce Little,* for respondent.

FINLEY, J.—This is an interpleader action, brought by plaintiff corporation to determine the proper distribution of the proceeds of a life insurance policy.

The facts of the case are not in dispute. On September 20, 1943, the plaintiff corporation issued a policy of life insurance, No. 20237, in the principal sum of twenty-five hundred dollars, to Leonard A. Perrigo. The policy provided for double indemnity benefits in the case of accidental death, and was made payable to Margaret S. Perrigo (the then wife of Leonard A. Perrigo), respondent herein. All premiums upon the policy were paid with funds belonging to the community composed of Leonard A. and Margaret S. Perrigo, or out of the dividends accruing thereon.

Leonard A. and Margaret S. Perrigo were divorced on January 22, 1952. Neither the property settlement agreement of the parties nor the decree of divorce mentioned or disposed of the life insurance policy involved. Shortly after the divorce, Leonard A. Perrigo married Joyce J. Perrigo, the appellant herein. The beneficiary of the insurance policy was never changed.

Leonard A. Perrigo was killed in an accident on March 18, 1954. The plaintiff corporation started this action by paying double the face value of the policy (less the balance due on a policy loan to the decedent) into the registry of the court, and was discharged by order of the court on August 24, 1954. Respondent, Margaret Perrigo (the divorced wife), filed an answer and cross-complaint, in which she prayed that the entire amount deposited be distributed to her. Appellant, Joyce Perrigo (the second wife), answered and cross-complained in turn. She admitted the

facts as set out above, but contended that she, as administratrix of the estate of Leonard A. Perrigo, deceased, was entitled to one half of the proceeds of the policy. Appellant argues that, since the divorce decree did not dispose of the insurance policy, the parties became tenants in common as to it. She admits that respondent is entitled to one half of the proceeds, the subject matter of the tenancy in common. However, she claims the estate is entitled to the husband's one-half interest in the tenancy in common; that is, to one half of the proceeds of the policy.

The respondent moved for a judgment on the pleadings. After argument, the motion was granted, and a decree entered whereby the entire proceeds of the policy were awarded to the respondent. This appeal followed.

■ By the overwhelming weight of authority, a wife's insurable interest in the life of her husband does not terminate automatically upon divorce where the policy was taken out during coverture. The leading case is *Connecticut Mut. Life Ins. Co. v. Schaefer*, 94 U. S. 457, 24 L. Ed. 251. See 52 A. L. R. 386; 59 A. L. R. 172; 175 A. L. R. 1220; also, 2 Appleman, Insurance Law and Practice 164, § 804. We approved the majority rule in *Humphrey v. Mutual Life Ins. Co.*, 86 Wash. 672, 151 Pac. 100, a case wherein the assignment of a life insurance policy by a husband to his wife was followed by a divorce. Again, in the recent case of *United Benefit Life Ins. Co. v. Price*, 46 Wn. (2d) 587, 590, 283 P. (2d) 119, we said:

"At the outset, it should be stated that, in the absence of a property settlement agreement or a disposition of the property of the parties in a divorce decree, the weight of authority is that when a husband names his wife as the beneficiary in a life insurance policy on his own life, and thereafter they are divorced but no change is made in the beneficiary, the fact of divorce does not in itself affect the right of the named beneficiary to the proceeds of the policy."

Thus, while the present case is one of first impression in this jurisdiction, we have previously indicated our adherence to the majority rule.

However, as pointed out above, the appellant contends

that, under Washington law, the parties upon divorce became tenants in common of the insurance policy and its proceeds. There is merit in this contention. We have consistently held in a long line of cases from *Ambrose v. Moore,* 46 Wash. 463, 90 Pac. 588, to *Olsen v. Roberts,* 42 Wn. (2d) 862, 259 P. (2d) 418, that community property not disposed of by a decree of divorce becomes property held by the former spouses as tenants in common. While the *Ambrose* case, *supra,* involved real property, in the *Olsen* case, *supra,* the type of property involved was not specified, but was treated as undistributed community property, and no distinction was made between the realty and personalty.

We have also consistently held that insurance is property, and, if paid for by community funds, is community property. In *Occidental Life Ins. Co. v. Powers,* 192 Wash. 475, 484, 74 P. (2d) 27, 114 A. L. R. 531, we said:

"In this state, insurance or the proceeds of insurance are not mere expectancies or choses in action, but are property; and if the premiums are paid by the assets of the community, they constitute community property."

We adhered to this rule in *In re Coffey's Estate,* 195 Wash. 379, 81 P. (2d) 283; *In re Towey's Estate,* 22 Wn. (2d) 212, 155 P. (2d) 273; *Small v. Bartyzel,* 27 Wn. (2d) 176, 177 P. (2d) 391; and *United Benefit Life Ins. Co. v. Price, supra.*

These two lines of cases force the conclusion that, upon the entry of the decree of divorce which does not dispose of the policy, the parties become tenants in common. This was the rule evolved by the California court under a community property system similar to our own, in *McBride v. McBride,* 11 Cal. App. (2d) 521, 523, 54 P. (2d) 480, where the court said:

"When the final decree of divorce was granted to plaintiff, which did not adjudicate the rights of the parties in, or make any disposition of the interests of, the community, in benefits created by the certificate, plaintiff became the owner of one-half of such community interest as a tenant in common with her former husband."

In the instant case, we hold that the respondent and the decedent were tenants in common of the insurance policy.

See *Metropolitan Life Ins. Co. v. Skov*, 51 F. Supp. 470, wherein the court discussed the Washington law on this point, and arrived at a similar conclusion.

█ This being true, appellant's conclusion, nevertheless, does not follow. The effect of the dissolution of the marital community, and the resulting change of the policy into property held by the parties as tenants in common, was to free the deceased husband from the rule of *Occidental Life Ins. Co. v. Powers, supra,* and make it possible for him to dispose of his one-half interest in the policy in any way he saw fit. Inasmuch as decedent did not change the beneficiary, he clearly indicated that he intended the respondent, Margaret S. Perrigo, his former wife, to be the recipient of his one half of the proceeds. The case of *United Benefit Life Ins. Co. v. Price, supra,* is clearly distinguishable, since there all of the property of the parties was disposed of by the decree of divorce, and all of the wife's interests to and rights in the insurance policies were terminated.

We find no error in the decree of the trial court, and it is hereby affirmed.

HAMLEY, C. J., MALLERY, HILL, and ROSELLINI, JJ., concur.

---

October 17, 1955. Petition for rehearing denied.