**AETNA LIFE INSURANCE COM-
PANY, Plaintiff,**

v.

**Suzanne E. Smith SCHMITT and Hilary
Marie Brown, Defendants.**

**No. 74-269-Orl-Civ-R.**

United States District Court,
M. D. Florida,
Orlando Division.

Dec. 10, 1975.

John G. Rooney, Sands, Smalbein, Eubank, Johnson, Rosier & Bussey, P. A., Cocoa, Fla., for plaintiff.

Curtis R. Mosley, Charles Holcomb, Moss & Holcomb, Cocoa, Fla., for Schmitt.

Steven R. Bechtel, Mateer & Harbert, P. A., Orlando, Fla., Edmond J. Jones, Seattle, Wash., for defendant Brown.

## MEMORANDUM OF DECISION

REED, District Judge. •

This is an interpleader action brought by Aetna Life Insurance Company to resolve conflicting claims to proceeds payable under a group life insurance contract issued by the plaintiff to The Boeing Company. The Court's subject matter jurisdiction is based on 28 U.S.C. § 1335. Each defendant has moved for summary judgment, has represented to the Court that there are no material issues of fact, and that the case is in posture for entry of a summary judgment.

From an examination of the record and from representations by counsel in argument on the motions, the following facts appear to exist without dispute.

On 1 June 1963, the plaintiff and The Boeing Company entered into a group life insurance contract which was delivered in the State of Washington. The policy provides that it shall be construed in accordance with the laws of that state. The policy also provides that changes of beneficiary may be made by the insured at any time without consent of any beneficiary theretofore named and without other restriction on the right of the insured to designate whom he desired as beneficiary.

Employment by The Boeing Company was a condition to securing and retaining the insurance. Had the deceased terminated his employment with The Boeing Company prior to his death, his coverage under the group policy would have ceased, although he had an option to convert the policy to an individual policy for which different premiums would have been required. Premiums on the insurance policy were paid through a payroll deduction authorized by the deceased and through a contribution by The Boeing Company equalling slightly less than fifty percent of the total premium.

As an employee of The Boeing Company on 1 June 1963, David Paul Brown, by application to the plaintiff, secured insurance coverage under the policy. David Paul Brown was then married to Doris W. Brown, the mother of defendant Suzanne Schmitt. From that date to on or about 1 January 1970, David Paul Brown was continuously a domiciliary of the State of Florida.

Doris W. Brown died. Thereafter, on 2 April 1967 the insured, David Paul Brown, married defendant Hilary Marie Brown in the State of Florida. At that time David Paul Brown had one child, Suzanne Schmitt, the other defendant.

On 12 April 1967 the insured, David Paul Brown, named the defendant Hilary Marie Brown as the sole beneficiary of his benefits under the group policy; however, on 13 February 1969, the insured executed a designation of beneficiary form in the State of Florida which appointed his wife and daughter as equal beneficiaries. This was the last designation of beneficiary made by the insured.

On 1 January 1970, the insured and the defendant Brown moved to the State of Washington where they resided continuously until the time of the insured's death. From 1 June 1963 until the time of his death, David Paul Brown was continuously employed by The Boeing Company and was insured under the group policy in question. From 2 April 1967 to the time of his death, David Paul Brown lived with defendant Brown as man and wife.

In January 1970, the policy provided $38,700.00 in life insurance benefits on the life of the insured David Paul Brown. When Mr. Brown died on 22 May 1974, the insurance provided by the policy on his life was $42,750.00. From this amount, $500.00 has been paid by the plaintiff for funeral expenses.

The defendant Brown concedes that the designation of beneficiary by the deceased in 1969 was legal. She contends, however, that when she and her husband moved to the State of Washington her husband's salary became community property and because it was used to pay the premiums on the policy, the insured, without his wife's consent, was unable to designate anyone other than the wife or his estate as a beneficiary of the policy. With this as a premise, the defendant Brown argues that she is entitled to one-half of the insurance proceeds by reason of the 1969 designation and that she or her husband's estate is entitled to the other half by operation of Washington's community property laws. The defendant Schmitt claims a right to receive one-half the insurance proceeds under the 1969 designation. These conflicting claims produced the present action.

▮ In resolving the rights of the parties under the insurance contract, the Court must first apply the law of Florida inasmuch as this is a diversity case, but this includes the conflicts law of

Florida which refers the Court to the law of Washington by reason of the provision in the insurance contract providing for construction of the contract in accordance with Washington law. See *Colhoun v. Greyhound Lines, Inc.*, Fla. 1972, 265 So.2d 18.

When the insured elected to avail himself of the benefits of the group policy, he was a domiciliary of Florida and not then married to the defendant Brown. At that point in time, he became a party to the insurance contract and acquired thereunder certain specific rights, including the right to designate whomever he desired as beneficiary.

▇▇▇ Under Washington law, rights under an insurance policy acquired during coverture constitute community property where premiums are paid from community property. *Occidental Life Insurance Company v. Powers*, 1937, 192 Wash. 475, 74 P.2d 27; *Aetna Life Insurance Company v. Brock*, 1952, 41 Wash.2d 369, 249 P.2d 383. Under the same legal system, however, property acquired before marriage is not community property, but remains the separate property of the spouse who acquired it before marriage. *In re Towey's Estate*, 1945, 22 Wash.2d 212, 155 P.2d 273, 275. It logically follows that the rights acquired by David Paul Brown under the policy in question before his marriage to defendant Brown, as between him and defendant Brown, constituted separate property of Mr. Brown. This group of contractual rights included the right to freely designate a beneficiary under the policy and the right to have that designation enforced. This Court is, therefore, of the opinion that community property restrictions of the State of Washington have no application to the insured's use of what in effect was his separate property.

While this conclusion is not directly supported by any statute or case law from the State of Washington, it should likewise be noted that the result sought by the defendant Hilary Marie Brown, i. e., an award of the entire policy proceeds in contravention of her husband's designation, is not supported by any Washington law called to the Court's attention. Indirect support for the Court's opinion may, however, be found in *In re Towey's Estate*, supra. That case demonstrates that the public policy of the State of Washington is not offended by a diversion from the wife of one-half the insurance proceeds on the husband's life, even though the policy is acquired during coverture and fully maintained by premium payments from community property. The conclusion reached by this Court simply represents its best forecast as to how the courts of Washington would resolve the issue were it squarely presented to them for decision. *Benante v. Allstate Insurance Company*, CA5, 1975, 477 F.2d 553.

For the foregoing reason, this Court holds that the insurance policy should be paid in accordance with the designation of beneficiary made by the insured on 13 February 1969. Accordingly, the motion for summary judgment filed by the defendant Schmitt will be granted and that filed by defendant Brown will be denied.