ESTATE OF MATTIAS ARNOLD MADSEN, NORMA V. MADSEN, Executrix, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Madsen v. Commissioner
Docket No. 8546-77.
United States Tax Court
T.C. Memo 1979-289; 1979 Tax Ct. Memo LEXIS 239; 38 T.C.M. (CCH) 1124; T.C.M. (RIA) 79289; July 31, 1979, Filed Wallace E. Skidmore, Jr., and Robert C. St. Louis, for the petitioner. Charles L. Eppright, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined a deficiency of $24,412.84 in petitioner's Federal estate tax. The sole issue for decision is whether an insurance policy on the life of the decedent was community property of the decedent and his spouse at the time of his death and, therefore, includible in the estate of the decedent to the extent of one half of the proceeds under section 2042(2). [1]
*240 FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The executrix of the Estate of Mattias Arnold Madsen, Norma V. Madsen, was a legal resident of the State of Idaho at the time of filing the petition herein.
Mattias Arnold Madsen (decedent) was a commercial fisherman. On October 17, 1973, he was lost at sea in the Gulf of Alaska. Prior to the decedent's death, he and his wife, Norma V. Madsen (Norma), had been domiciled in the State of Washington since their marriage on July 23, 1950. On August 9, 1967, Norma applied to Safeco Life Insurance Company (Safeco) for a five-year term insurance policy in the face amount of $100,000. The application reflects that the decedent signed as the proposed insured and Norma signed as owner and primary beneficiary. Prior to the purchase of this policy, Milton Scarlatos (Scarlatos), the insurance agent who sold the policy to the decedent and his wife, discussed the estate tax consequences and the community property considerations involved in the acquisition of a life insurance policy with the decedent. At the time Norma applied for the policy, she and the decedent discussed ownership of the policy with *241 Scarlatos. All parties agreed that Norma would be listed as the owner of the policy on the application. It was also agreed that Norma would make the payments. Since she was listed as the owner of the policy and would make the premium payments, Norma believed that the decedent intended to make a gift of his interest in the policy to her. On September 1, 1967, Safeco issued policy no. 87529 in which the decedent was named as the insured. The policy was a five-year term insurance policy in the face amount of $100,000. The policy also provided that if the insured's death was accidental, the death benefit payable to the beneficiary was $200,000. All premium payments on the policy were paid by Norma with checks drawn on a joint bank account that she had with the decedent. The funds in this bank account were community property. Norma renewed the policy in 1972. Upon notification of the decedent's death at sea, Safeco paid $200,000 to Norma as primary beneficiary under the policy. On the Federal estate tax return of the decedent, no portion of the insurance policy proceeds received by Norma was included in the decedent's gross estate. In the statutory notice, respondent determined *242 that the insurance policy was community property at the time of decedent's death and, therefore, increased the decedent's gross estate by $100,000, which represented one half of the policy proceeds. OPINION The sole issue for decision is whether an insurance policy on the life of the decedent was community property of the decedent and his spouse at the time of his death and, therefore, includible in the estate of the decedent to the extent of one half of the proceeds under section 2042(2). Section 2042(2) provides that life insurance proceeds receivable by beneficiaries other than the decedent are includible in the decedent's gross estate if at the time of his death, the decedent possessed any incidents of ownership in the policy. [2] In determining whether the decedent possessed any incidents of ownership in a life insurance policy, consideration must be given not only to the terms of the policy but also to state law. Lang v. Commissioner,304 U.S. 264, 267 (1938); Sec. 20.2042-1(c)(5), Estate Tax Regs. Therefore, even though the terms of the policy may designate an individual other than the decedent as owner, if the decedent is considered to have an ownership *243 interest in the policy at his death under applicable state law, the proceeds will be subject to tax as part of his estate. Kern v. United States,491 F.2d 436, 439 (9the Cir. 1974); Estate of Meyer v. Commissioner,66 T.C. 41, 44 (1976), affd. without published opinion 566 F.2d 1182 (9th Cir. 1977). [3]
Washington is a community property state. Wash. Rev. Code, sec. 26.16.030 (1976). Under Washington law, all property acquired during *244 marriage by either spouse is community property except property acquired by gift, devise, or descent. Wash. Rev. Code, sec. 26.16.030 (1976). These latter categories constitute a spouse's separate property. Wash. Rev. Code, secs. 26.16.010, 26.16.020 (1976). Each spouse has an equal, present, and vested interest in the community property. Poe v. Seaborn,282 U.S. 101, 111 (1930); In re Towey's Estate,22 Wash. 2d 212, 155 P.2d 273, 275 (1945). Thus, in the present case, if at the time of the decedent's death the insurance policy was community property, then one half of the proceeds are includible in the decedent's gross estate. In Washington, the character of property as community or separate is generally determined at the time of its purchase or acquisition. In re Binge's Estate,5 Wash. 2d 446, 105 P.2d 689, 705 (1940). However, where life insurance policies are involved the character of the policy and proceeds is determined by looking to the character of the funds used to pay the premiums. United States v. Waechter,195 F.2d 963 (9th Cir. 1952); Estate of Meyer v. Commissioner,supra, at 43; *245 California-Western States Life Ins. Co. v. Jarman,29 Wash. 2d 98, 185 P.2d 494, 496 (1947). Hence, to the extent life insurance policy premiums are paid with community funds the proceeds will be community property, and to the extent the premiums are paid with separate funds the proceeds will be separate property. Wilson v. Wilson,35 Wash. 2d 364, 212 P.2d 1022, 1024 (1949); Small v. Bartyzel,27 Wash. 2d 176, 177 P.2d 391, 392 (1947). Although petitioner concedes that all the policy premiums were paid out of community funds, petitioner argues that the policy and its proceeds were Norma's separate property because the decedent made a gift of his one-half community interest in the policy to his wife at the time the policy was purchased. Petitioner maintains that the testimony of Norma and the insurance agent, Scarlatos, coupled with the fact that Norma was designated as the sole owner of the policy in the application establish that the decedent made a gift of his interest in the policy to his wife. We disagree. While it is clear that a husband may give his interest in community property to his wife and thereby convert the entire *246 property into separate property of the wife, under Washington law there is a strong presumption that property acquired during marriage is community property. Wash. Rev. Code, sec. 26.16.050 (1976); % Stokes v. McDowell,70 Wash. 2d 694, 424 P.2d 910 911 (1967); California-Western States Life Ins. Co. v. Jarman,supra;Yesler v. Hochstettler,4 Wash. 349, 30 P. 398, 399 (1892). The burden of overcoming this presumption is on the party who asserts that the property is separate in character. Kern v. United States,supra;In re Brown's Estate,124 Wash. 273, 214 P. 10, 11 (1923). The evidence necessary to overcome this presumption must be clear, definite, and convincing. Kern v. United States,supra;Estate of Meyer v. Commissioner,supra, at 43; Yesler v. Hochstettler,supra.
Based on the record as a whole, we conclude that the petitioner failed to overcome this presumption in favor of community property. The evidence presented by the petitioner was simply not sufficient to prove clearly, definitively, *247 and convincingly that the decedent made a gift of his one-half community interest in the policy to his wife. To begin with, the mere designation of Norma as owner of the policy in the application does not constitute clear and convincing evidence that the decedent intended to make a gift of his interest in the policy to Norma. Kern v. United States,supra, at 439. Nor do we believe that the testimony of Norma and Scarlatos, when considered together with the policy application, establishes that the decedent intended to make such a gift. The only fact made clear by Scarlatos' testimony is that at the time the policy was purchased the decedent was aware of the estate tax consequences and the community property considerations involved in the acquisition of life insurance. His testimony sheds no light on the decedent's intention with respect to a gift of his interest to Norma. While Norma testified she believed the decedent intended to make a gift to her of his interest in the policy, her belief alone is not sufficient evidence to support the conclusion that the decedent actually intended such a gift. Accordingly, we hold that one half of the policy proceeds are *248 includible in the decedent's gross estate under section 2042(2). To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all statutory reference are to the Internal Revenue Code of 1954, as amended, and in force during the year in issue.↩
2. SEC. 2042. PROCEEDS OF LIFE INSURANCE.
The value of the gross estate shall include the value of all property-- * * *
(2) Receivable by other beneficiaries.--To the extent of the amount receivable by all other beneficiaries as insurance under policies on the life of the decedent with respect to which the decedent possessed at his death any of the incidents of ownership, exercisable either alone or in conjunction with any other person. * * * ↩
3. At trial and on brief, respondent made a motion that we take judicial notice of the transcript of the proceedings in Estate of Meyer v. Commissioner,66 T.C. 41↩ (1976). Respondent's motion is denied.